# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 17-3388

**Caption [use short title]**

**Motion for:** court appointment as amicus curiae to defend the decision below

Set forth below precise, complete statement of relief sought:

In this interlocutory appeal concerning judicial review of FLSA claims settled under Rule 68, no party is expected to defend the decision below. Public Citizen Litigation Group requests that it be appointed by the Court to do so, pro bono, as amicus curiae, to ensure a full, adversarial development of the important issues presented in this case.

Mei Xing Yu v. Hasaki Restaurant, Inc.

**MOVING PARTY:** Public Citizen Litigation Group   **OPPOSING PARTY:** _____

☐ Plaintiff  ☐ Defendant
☐ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** _____   **OPPOSING ATTORNEY:** _____
[name of attorney, with firm, address, phone number and e-mail]

Adam R. Pulver, Public Citizen Litigation Group

1600 20th St NW, Washington, DC 20009

apulver@citizen.org

**Court-Judge/Agency appealed from:** Southern District of New York - Hon. Jesse M. Furman

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain): Movant notified counsel for all parties:
Neither counsel opposed but counsel for appellants reserve the right to file a response.

Opposing counsel's position on motion:
☑ Unopposed  ☐ Opposed  ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  ☐ Yes ☐ No
Has this relief been previously sought in this court?  ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?  ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes ☑ No  If yes, enter date: _____

**Signature of Moving Attorney:**

/s/ Adam R. Pulver   **Date:** 10/26/2017   Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | | |
|---|---|---|
| MEI XING YU, INDIVIDUALLY, ON BEHALF OF ALL OTHER EMPLOYEES SIMILARLY SITUATED, | ) ) ) ) ) | |
| *Plaintiff-Appellee,* | ) ) ) | |
| v. | ) ) | No. 17-3388 |
| HASAKI RESTAURANT, INC., SHUJI YAGI, KUNITSUGU, NAKATA, HASIMOTO GEN, | ) ) ) ) | |
| *Defendants-Appellants.* | ) ) | |

_____

On petition from a decision of the United States District Court
for the Southern District of New York
No. 16 Civ. 6094

_____

**MOTION OF PUBLIC CITIZEN LITIGATION GROUP
TO BE APPOINTED AMICUS CURIAE
TO DEFEND THE DECISION BELOW**

Adam R. Pulver
Adina H. Rosenbaum
Sean M. Sherman
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

October 26, 2017                              Attorneys for Movant

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, the undersigned counsel certifies that Public Citizen Litigation Group is a component of Public Citizen Foundation, Inc., a nonprofit, non-stock corporation. It has no parent corporations, and no publicly traded corporations have an ownership interest in it.

/s/ Adam R. Pulver
Adam R. Pulver
Public Citizen Litigation Group

## INTRODUCTION

Public Citizen Litigation Group (PCLG) respectfully moves to be appointed amicus curiae to defend the decision below. In the district court, both parties to this appeal took the same position with respect to the issue now on appeal. PCLG's experience litigating in appellate courts on issues concerning Federal Rule of Civil Procedure 68 and issues concerning the Fair Labor Standards Act (FLSA) and other employment laws make it well-suited to assist in presenting arguments on the issue before this Court and ensuring that the Court has the benefit of adversarial briefing.

PCLG has contacted counsel for the parties to seek consent to the filing of this motion: Plaintiff-appellee does not object; defendants-appellants take no position but reserve the right to file a response.

## BACKGROUND

**1.** On August 1, 2016, plaintiff Mei Xing Yu, individually and on behalf of all other employees similarly situated, filed a complaint and putative collective action against defendants Hasaki Restaurant, et al., alleging violations of the overtime provisions of the FLSA and various New York laws. *See Yu v. Hasaki Rest., Inc.*, No. 16 Civ. 6094 (S.D.N.Y.

Jan. 27, 2017). Defendants subsequently served an offer of judgment on plaintiff Yu pursuant to Federal Rule of Civil Procedure 68. After plaintiff purported to accept defendants' Rule 68 offer, the district court ordered the parties to either file their settlement agreement and explain "the basis for the proposed settlement and why it should be approved as fair and reasonable," or to explain why judicial approval was not required. *See* Dist. Ct. Order dated Dec. 9, 2016, at 1. In response, the parties jointly filed a letter arguing that judicial approval was not required and that the court lacked the authority to consider the fairness of an offer of judgment made pursuant to Rule 68. *See* Letter dated Dec. 22, 2016.

The district court disagreed with the parties and held that a plaintiff in a FLSA action cannot waive the requirement of judicial approval of a settlement through the acceptance of an offer under Rule 68. *See Yu v. Hasaki Rest., Inc.*, 319 F.R.D. 111, 117 (S.D.N.Y. 2017). At the same time, because the court recognized that the district courts in this Circuit are divided on this question, the court certified its order for interlocutory appeal under 28 U.S.C. § 1292(b). *Id.* Defendants then filed a notice of appeal and a petition for permission to appeal pursuant to

section 1292(b). This Court granted the section 1292(b) appeal on October 23, 2017. *See* Order Granting Petition, *Yu v. Hasaki Rest., Inc.*, No. 17-1067 (2d Cir. Oct. 23, 2017).

**2.** Founded in 1972, PCLG is the litigating arm of Public Citizen, a nonprofit advocacy organization headquartered in Washington, DC, with members and supporters nationwide, and dedicated to protecting health, safety, and democracy. PCLG has represented parties and amici in many cases in the United States Supreme Court and the federal courts of appeals that raise issues involving the Federal Rules of Civil Procedure (including Rule 68) and involving the FLSA. *See, e.g., Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036 (2016) (co-counsel for plaintiffs-respondents in FLSA case); *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016) (co-counsel for plaintiff-respondent in case involving Rule 68 issue); *Genesis HealthCare v. Symczyk*, 569 U.S. 66 (2013) (co-counsel for plaintiffs-respondents in FLSA case on Rule 68 issue); *Tanasi v. New Alliance Bank*, 786 F.3d 195 (2d. Cir. 2015) (appearing as amicus curiae on Rule 68 issue); *Franco v. Allied Interstate LLC*, 602 F. App'x 40 (2d Cir. 2015) (appearing as amicus curiae on Rule 68 issue; currently serving as co-counsel in subsequent appeal); *Roach v. T.L. Cannon Corp.*,

778 F.3d 401 (2d Cir. 2015) (appellate counsel for plaintiffs-appellants on FLSA issue); *see also State of Nevada v. U.S. Dep't of Labor*, No. 16-41606 (5th Cir. appeal pending) (counsel for 26 members of Congress appearing as amici curiae in FLSA case). PCLG believes that its familiarity with the Rule 68 and FLSA principles at issue may be of assistance to this Court in determining whether parties can settle an FLSA claim through Rule 68 without approval of the courts or the Department of Labor (DOL).

## ARGUMENT

Where both parties to an appeal take the same position, or where it is likely that the parties are not sufficiently adverse to advance an argument important to the resolution of the case, this Court has appointed an amicus curiae "to assist in the development of arguments on appeal," *In re Zarnel*, 619 F.3d 156, 161 (2d Cir. 2010), and to "defend the district court judgment so that the appeal could be considered in an adversarial context," *United States v. Doe*, 356 F. App'x 488, 489 (2d Cir. 2009). *See also Zarda v. Altitude Express, Inc.*, No. 15-3775, Order dated June 20, 2017 (2d Cir.) (appointing amicus curiae to advance argument before en banc court that no other party was advancing); *In re World Trade Center Disaster Site Litig.*, 754 F.3d 114, 121 n.4 (2d Cir. 2014)

(noting court appointment of amicus curiae to argue in support of district court decision with respect to attorneys' fees); *United States v. Parker*, 469 F.3d 57, 58 (2d Cir. 2006) (noting appointment of amicus counsel to represent the position of the district court). Because an appellate court is "benefitted by an adversary presentation of the issues raised by an appellant … federal courts have frequently appointed amici to participate in an appeal where a party will not brief an important position." *Altizer v. Deeds*, 191 F.3d 540, 543 (4th Cir. 1999); *see also Nat'l Fed'n of Indep. Bus. v. Sebelius*, 565 U.S. 1048 (2011) (mem.) (appointing counsel to argue position taken by court of appeals that no party was advancing); *Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024, 1030 (D.C. Cir. 2004) (noting appointment of amicus curiae "to present arguments in support of the District Court's judgment"); *United States v. Hernandez*, 42 F. App'x 173, 176 (10th Cir. 2002) (noting appointment of amicus curiae to argue in support of portion of district court order that no party supported).

Here, as to the question in this appeal, the parties' positions before the district court were fully aligned with one another: they jointly argued that the FLSA does not require the court's approval of a settlement

5

entered into pursuant to a Rule 68 offer and that Rule 68 required the district court to enter judgment. Accordingly, appointment of amicus curiae is merited to provide the Court "the benefit of an adversary presentation of the issues raised by the appeal." *McKinney v. Indiana Michigan Power Co.*, 113 F.3d 770, 772 (7th Cir. 1997).

Further, the substance of this appeal makes the appointment of amicus curiae particularly appropriate. In the FLSA settlement context, "without judicial oversight, ... employers may be more inclined to offer, and employees, even when represented by counsel, may be more inclined to accept, private settlements that ultimately are cheaper to the employer than compliance with the Act." *Socias v. Vornado Realty L.P.*, 297 F.R.D. 38, 40 (E.D.N.Y. 2014), *quoted in Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 205-06 (2d Cir. 2015). Here, where the legal issue is whether the parties' agreement is reviewable, it would be particularly beneficial for the Court to hear argument from someone other than the parties themselves.

As litigators with extensive experience on issues of civil procedure (including Rule 68), workers' rights, and jurisdiction, PCLG is well-suited

to assist the Court in this case and to ensure a full airing of the important issue raised in this appeal.

**CONCLUSION**

For the foregoing reasons, the Court should grant this motion and appoint Public Citizen Litigation Group as court-appointed amicus curiae to defend the decision below.

Respectfully submitted,

/s/ Adam R. Pulver
Adam R. Pulver
Adina H. Rosenbaum
Sean M. Sherman
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Attorney for Movant
Public Citizen Litigation Group

October 26, 2017

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 32(c), 32(g), and 27(d)(2), I certify that the foregoing motion is proportionately-spaced, has a type-face of 14 points, and, as calculated by my word processing software (Microsoft Word), contains 1,280 words.

/s/ Adam R. Pulver
Adam R. Pulver

**CERTIFICATE OF SERVICE**

I hereby certify that this motion has been served through the Court's ECF system on counsel for all parties required to be served on October 26, 2017.

/s/ Adam R. Pulver
Adam R. Pulver