# 17-3388

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

MEI XING YU, individual, on behalf of all other employees similarly situated,
*Plaintiff-Appellee*,

v.

HASAKI RESTAURANT, INC., SHUJI YAGI, KUNITSUGU NAKATA,
HASHIMOTO GEN,
*Defendants-Appellants*,

JOHN DOE and JANE DOE #1-10,
*Defendants*.

On Appeal from the United States District Court
for the Southern District of New York

**BRIEF OF COURT-APPOINTED AMICUS CURIAE
PUBLIC CITIZEN LITIGATION GROUP IN SUPPORT OF THE
DISTRICT COURT'S DECISION AND AFFIRMANCE**

Adina H. Rosenbaum
Sean M. Sherman
Adam R. Pulver
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
arosenbaum@citizen.org

April 30, 2018

Counsel for Court-Appointed Amicus
Curiae Public Citizen Litigation Group

# CORPORATE DISCLOSURE STATEMENT

Public Citizen Litigation Group is a component of Public Citizen Foundation, Inc., a nonprofit, non-stock corporation. It has no parent corporations, and no publicly traded corporations have an ownership interest in it.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ........................................................i

TABLE OF AUTHORITIES ................................................................ iii

INTEREST OF AMICUS CURIAE ........................................................1

STATEMENT OF THE ISSUE.................................................................2

STATEMENT OF THE CASE ................................................................2

SUMMARY OF ARGUMENT .................................................................9

ARGUMENT ....................................................................................10

I.     FLSA Claims Can Be Settled Only with Judicial or DOL Approval............10

II.    Settlements Achieved Through Rule 68 Are Not Exempt from the FLSA's Approval Requirement....................................................17

    A. Rule 68 Does Not Override Settlement-Approval Requirements Imposed by Statutes or Other Rules. ........................................19

    B. Employees Lack Authority to Accept Rule 68 Offers Without Judicial or DOL Approval. .......................................................21

III.   Exempting Rule 68 Settlements from the FLSA's Approval Requirement Would Undermine *Cheeks* and the FLSA's Protections. ........24

CONCLUSION ....................................................................................31

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

## CASES

*A.H. Phillips, Inc. v. Walling*,
    324 U.S. 490 (1945)....................................................................14

*Amchem Products, Inc. v. Windsor*,
    521 U.S. 591 (1997)....................................................................20

*Baba v. Beverly Hills Cemetery Corp. Inc.*,
    No. 15-CV-5151 (CM),
    2016 WL 2903597 (S.D.N.Y. May 9, 2016).................................30

*Barrentine v. Arkansas-Best Freight System, Inc.*,
    450 U.S. 728 (1981)...........................................................5, 10, 11

*Bormann v. AT & T Communications, Inc.*,
    875 F.2d 399 (2d Cir. 1989) .........................................................11

*Brooklyn Savings Bank v. O'Neil*,
    324 U.S. 697 (1945)...........................................10, 11, 15, 16, 24

*Campbell-Ewald Co. v. Gomez*,
    136 S. Ct. 663 (2016)...................................................................21

*Carducci v. Aetna U.S. Healthcare*,
    No. CIV.A. 01-4675 (JBS),
    2003 WL 22207204 (D.N.J. Apr. 16, 2003).................................19

*Cheeks v. Freeport Pancake House, Inc.*,
    796 F.3d 199 (2d Cir. 2015) .................................................*passim*

*D.A. Schulte, Inc. v. Gangi*,
    328 U.S. 108 (1946)...............................................................11, 12

*Equal Employment Opportunity Commission v. Kidder, Peabody & Co.*,
    156 F.3d 298 (2d Cir. 1998) .........................................................16

*Equal Employment Opportunity Commission v. Waffle House, Inc.*,
    534 U.S. 279 (2002)......................................................................................16

*Federal Treasury Enterprise Sojuzplodoimport v. SPI Spirits Ltd.*,
    726 F.3d 62 (2d Cir. 2013) ...........................................................................21

*Fleming v. Post*,
    146 F.2d 441 (2d Cir. 1944) .........................................................................11

*Gilmer v. Interstate/Johnson Lane Corp.*,
    500 U.S. 20 (1991).........................................................................................17

*Gomez v. City of New York*,
    805 F.3d 419 (2d Cir. 2015) .........................................................................28

*Gordon v. Gouline*,
    81 F.3d 235 (D.C. Cir. 1996)..................................................................23, 24

*Li v. Renaud*,
    654 F.3d 376 (2d Cir. 2011) .........................................................................15

*Lopez v. Nights of Cabiria, LLC*,
    96 F. Supp. 3d 170 (S.D.N.Y. 2015) ............................................................12

*Lopez v. Overtime 1st Ave. Corp.*,
    252 F. Supp. 3d 268  (S.D.N.Y. 2017) ....................................................22, 28

*Lynn's Food Stores, Inc. v. United States Department of Labor*,
    679 F.2d 1350 (11th Cir. 1982) ..............................................................12, 25

*Martin v. Spring Break '83 Productions, LLC*,
    688 F.3d 247 (5th Cir. 2012) .........................................................................13

*Mei Xing Yu v. Hasaki Restaurant, Inc.*,
    874 F.3d 94 (2d Cir. 2017) ..............................................................................8

*In re Painewebber Ltd. Partnerships Litigation*,
    147 F.3d 132 (2d Cir. 1998) .........................................................................14

iv

*Perkins v. U.S. West Communications*,
    138 F.3d 336 (8th Cir. 1998) ........................................................................20

*Rodriguez-Depena v. Parts Authority, Inc.*,
    877 F.3d 122 (2d Cir. 2017) .........................................................................17

*Rodriguez-Hernandez v. K Bread & Co., Inc.*,
    No. 15-CV-6848 (KBF),
    2017 WL 2266874 (S.D.N.Y. May 23, 2017) ........................................27, 28

*Sanchez v. Burgers & Cupcakes, LLC*,
    No. 16-CV-3862 (VEC),
    2017 WL 2171870 (S.D.N.Y. Mar. 16, 2017)....................................3, 7, 22

*Seminiano v. Xyris Enterprise, Inc.*,
    602 F. App'x 682 (9th Cir. 2015) ..................................................................12

*Socias v. Vornado Realty L.P.*,
    297 F.R.D. 38 (E.D.N.Y. 2014)......................................................16, 25, 26

*Steiner v. Lewmar, Inc.*,
    816 F.3d 26 (2d Cir. 2016) ............................................................................21

*Toar v. Sushi Nomado of Manhattan, Inc.*,
    No. 13-CV-1901 (VSB) (S.D.N.Y. Mar. 16, 2017) ...........................6, 27, 28

*Tony & Susan Alamo Foundation v. Secretary of Labor*,
    471 U.S. 290 (1985)......................................................................................10

*Utility Automation 2000, Inc. v. Choctawhatchee Electric Co-op., Inc.*,
    298 F.3d 1238 (11th Cir. 2002) ....................................................................19

*Walker v. Vital Recovery Services, Inc.*,
    300 F.R.D. 599 (N.D. Ga. 2014) ...............................................................6, 27

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)......................................................................................21

## RULES AND STATUTES

28 U.S.C. § 1292(b) .................................................................8

28 U.S.C. § 2072(a) ...............................................................21

28 U.S.C. § 2072(b) ...............................................................21

29 U.S.C. § 216(c) .................................................................12

31 U.S.C. § 3730(b) ...............................................................20

Fed. R. Civ. P. 41(a)(1)(A) ....................................................13

Fed. R. Civ. P. 41(a)(1)(A)(ii) ..........................................*passim*

Fed. R. Civ. P. 68 ............................................................*passim*

Fed. R. Civ. P. 68(a) ..........................................................5, 18

Fed. R. Civ. P. 68(d) .............................................................18

## OTHER AUTHORITIES

Charles A. Wright, Arthur R. Miller, *et al*., Fed. Prac. & Proc. (2d ed.) ..........19, 20

# INTEREST OF AMICUS CURIAE[1]

Public Citizen Litigation Group (PCLG) is the litigating arm of Public Citizen Foundation, a national nonprofit advocacy organization dedicated to protecting health, safety, and democracy. PCLG often represents consumer and worker interests in litigation and has represented parties and amici in many United States Supreme Court and federal court of appeals cases raising issues involving the Fair Labor Standards Act (FLSA) and/or Federal Rule of Civil Procedure 68.

Because the appellants and appellees took the same position in the district court with respect to the issue in this appeal, PCLG moved in this Court to be appointed amicus curiae to defend the district court's decision, to ensure that the Court would be able to consider the issue in an adversarial context. The Court granted PCLG's motion, appointing it amicus curiae to defend the district court's ruling that parties cannot settle FLSA claims under Federal Rule of Civil Procedure 68 without approval by the court or the Department of Labor (DOL).

---

[1] No party's counsel authored this brief in whole or in part, and no party or party's counsel made a monetary contribution to fund the preparation or submission of this brief. No person or entity other than the amicus curiae made a monetary contribution to the preparation or submission of this brief.

## STATEMENT OF THE ISSUE

Can parties settle FLSA claims without the approval of either the district court or DOL by using the procedure set forth in Rule 68 of the Federal Rules of Civil Procedure?

## STATEMENT OF THE CASE

**A**. Plaintiff Mei Xing Yu worked as a sushi chef at a restaurant owned and operated by defendant Hasaki Restaurant, Inc. On August 1, 2016, Yu filed a complaint against Hasaki Restaurant and several of its owners and managers, on behalf of himself and all other employees similarly situated, alleging violations of the overtime provisions of the FLSA and various New York laws. *See* JA 9–26.

On November 23, 2016, the defendants served an offer of judgment on Yu pursuant to Federal Rule of Civil Procedure 68 for $20,000, plus reasonable attorneys' fees, costs, and expenses through the date of the offer. JA 42. The offer stated that the amount paid to Yu would be inclusive of all damages, liquidated damages, and interest, and that acceptance of the offer would "act to dismiss with prejudice all claims raised by plaintiff in this action." *Id*. Yu then submitted a notice to the court stating that he had accepted the "Defendants' Rule 68 offer to settle the matter." JA 33.

In response, the district court ordered the parties to file their settlement agreement, along with a joint letter "explaining the basis for the proposed settlement

and why it should be approved as fair and reasonable." JA 34. The court's order explained that, "[u]nder the FLSA, an employer who violates the requirement that overtime wages be paid must pay both the unpaid overtime compensation and an additional equal amount as liquidated damages," and that when "a settlement is for less than this amount, the settlement … must generally be scrutinized by the Court to ensure that it is fair." *Id*. Nonetheless, the court continued, "if the parties believe that judicial approval of the settlement is not required, they shall submit a joint letter addressing that question and citing supporting authority." *Id*.

On December 22, 2016, the parties submitted a joint letter arguing that judicial approval of the Rule 68 offer and acceptance was not required. JA 36–41. The district court endorsed the letter with a memo noting that, in *Sanchez v. Burgers & Cupcakes LLC*, 16-CV-3862 (S.D.N.Y.), the court had invited DOL to submit a brief on the question whether a Rule 68 offer could be used to terminate a FLSA case without a fairness determination by either the court or DOL. The court stated that it would defer a decision on the issue until after DOL submitted its brief in that case. JA 50.

On January 13, 2017, DOL filed an amicus brief in *Sanchez* taking the position that "a court may not enter judgment reflecting a Rule 68 FLSA settlement with prejudice between private parties unless a court approves of it or the Department [of Labor] supervises it." JA 64. DOL explained that the FLSA "is a 'uniquely

3

protective statute' … that precludes employees from waiving or compromising their rights to unpaid wages or damages by private agreement with their employers unless a court approves of or DOL supervises the agreement." JA 54 (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015)). This "non-waiver rule applies to a private settlement agreement under Rule 68 just as it would to a private settlement agreement under Rule 41, or in any other context." *Id*. Because a "FLSA plaintiff waives her right to bring a subsequent suit for back wages or damages when she accepts a Rule 68(a) offer of judgment that terminates her FLSA claims with prejudice[,] … in FLSA cases, settlement agreements between private parties resulting from Rule 68(a) offers of judgment that terminate employees' claims with prejudice must be subject to the same scrutiny from a court or the Department as any other settlement agreement." *Id*. DOL noted that its position was "consistent with the view that the Department has long maintained, as well as the view recently adopted by the U.S. Court of Appeals for the Second Circuit in the context of Rule 41 in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016), that an employee cannot waive or compromise her FLSA claim by private agreement unless the agreement is approved by a court or DOL." JA 52.

The district court provided the parties with the opportunity to respond to DOL's brief, JA 51, which the defendants did. JA 66–68.

4

**B**. In an order entered on March 21, 2017, and an opinion and order entered on April 10, 2017, the district court held that judicial approval of the parties' settlement was required. The court explained that the Supreme Court has "'frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act.'" JA 80 (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981)). Accordingly, it noted, "courts have long held that there are only two ways in which FLSA claims can be settled or compromised by employees"—either through DOL supervision under section 216(c) of the statute or through a stipulated judgment after the court scrutinizes the settlement for fairness. JA 81. In *Cheeks*, the district court explained, this Court held that approval in one of these two ways is necessary before parties can settle FLSA claims with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

The district court observed that, in "the wake of *Cheeks*, litigants have increasingly tried to evade the requirement for judicial or DOL approval by entering into settlements pursuant to Rule 68." JA 82. The court explained that courts that have held that approval is not required for settlements reached under Rule 68 have based their decisions on Rule 68's language providing that the clerk "must" enter judgment on an accepted offer. Fed. R. Civ. P. 68(a). But that foundation, the court explained, "crumbles under closer scrutiny." JA 83. The court noted, for example,

that judgment will not be entered on an accepted Rule 68 offer in a class action without the court's approval after a fairness hearing, and that courts will not enter judgment based on Rule 68 offers that contemplate illegal activity. JA 83–84. In response to the parties' attempts to distinguish these examples, the court explained that "once one concedes that there are exceptions, as the parties effectively do, the question is no longer whether a court can scrutinize a Rule 68 settlement—it plainly can. Instead, the question becomes whether FLSA claims fall within the narrow class of claims that cannot be settled under Rule 68 without approval by the court (or the DOL)." JA 85.

The court determined that FLSA claims fall within that class of claims for two reasons. First, the court explained that "the *Cheeks* Court's 'discussion of the necessity of judicial review to promote FLSA's statutory purpose in light of the potential for abuse in FLSA settlements is applicable outside the Rule 41 context.'" JA 86 (quoting *Toar v. Sushi Nomado of Manhattan, Inc.*, No. 13-CV-1901 (VSB), Docket No. 137, slip op. at 10 (S.D.N.Y. Mar. 16, 2017)). Indeed, the court noted, "one of the cases cited by the *Cheeks* Court as highlighting the 'potential for abuse' in FLSA settlements was itself a Rule 68 settlement case." JA 88 (quoting *Cheeks*, 796 F.3d at 206 (citing *Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 600 n.4 (N.D. Ga. 2014))). Second, the court explained that "'a Rule 68 compromise—just like any other settlement—is a contractual agreement,' and therefore 'must have

a valid offer and a valid acceptance.'" JA 89 (quoting *Sanchez v. Burgers &*
*Cupcakes, LLC*, No. 16-CV-3862 (VEC), 2017 WL 2171870, at *2 (S.D.N.Y. Mar.
16, 2017)). "As *Cheeks* and the decades of Supreme Court jurisprudence on which
it relies make clear, however, 'FLSA claimants do not have authority to compromise
their claims without judicial approval or [DOL] oversight.'" *Id*. (quoting *Sanchez*,
2017 WL 2171870, at *2). Thus, "'[t]he Clerk of Court's mandatory obligation to
enter judgment pursuant to Rule 68(a) presupposes a valid offer and acceptance'—
and an FLSA claimant's valid acceptance, in turn, presupposes judicial (or DOL)
approval of the parties' agreement." *Id*. (quoting *Sanchez*, 2017 WL 2171870, at *3).

Because the court held that FLSA claims cannot be settled under Rule 68
without judicial or DOL approval, the court declined to decide whether Rule 68
would violate the Rules Enabling Act if it "were construed to expand an FLSA
claimant's capacity to settle his or her claims," although the court noted that it
arguably would. JA 89–90. The court concluded by rejecting the parties' suggestion
that requiring approval of a settlement entered under Rule 68 would undermine Rule
68's purpose of facilitating settlement. The court explained that requiring the
submission of settlements for fairness review was unlikely to deter many fair and
reasonable settlements, and that "[m]ost courts—including this one—have devised
efficient and expedited procedures for review of FLSA settlements." JA 90. The
requirements of these procedures, the court explained, "are far from onerous, but

they help ensure that the FLSA's 'remedial and humanitarian goals' are fulfilled." *Id*. (quoting *Cheeks*, 796 F.3d at 206).

Thus, the court below joined the "growing number" of judges in the Circuit to hold that "Rule 68 does not override the need for judicial (or DOL) approval of a settlement of claims under the FLSA." JA 91. In light of the division among district courts on the issue, however, the court certified its order for interlocutory appeal.

**C**. On April 14, 2017, defendants Hasaki Restaurant, Inc, Shuji Yagi, Kunitsugu Nakata, and Hashimoto Gen (collectively, Hasaki or Appellants) filed a notice of appeal. JA 93. On June 21, 2017, Hasaki filed a petition for permission to appeal pursuant to 28 U.S.C. § 1292(b), and asked that it be considered timely. On October 23, 2017, this Court granted Hasaki's request to file the section 1292(b) petition and granted the petition. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 874 F.3d 94, 97 (2d Cir. 2017).

On October 26, 2017, to ensure that the appeal could be considered in an adversarial context, PCLG moved to be appointed amicus curiae to defend the district court's decision. This Court granted the motion on November 28, 2017. On February 6, 2018, the Court granted PCLG's motion for a briefing deadline of April 30, 2018, for leave to file a brief of up to 13,000 words, and for leave to participate in oral argument.

## SUMMARY OF ARGUMENT

In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), this Court held that parties cannot settle FLSA claims through private stipulated dismissals with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) without the approval of the district court or DOL.

This case presents the question whether parties can evade this approval requirement by trying to terminate their claims with prejudice through Rule 68, instead of Rule 41. As the district court correctly held, they cannot. Although *Cheeks* arose in the Rule 41 context, its holding was based on the principle that the FLSA requires judicial or DOL approval of settlements. Rule 68's language requiring courts to enter judgment on accepted Rule 68 offers does not override this approval requirement. As even Appellants concede, Rule 68 does not require courts automatically to enter judgment on accepted Rule 68 offers when a statute specifically requires judicial approval of settlements. Moreover, Rule 68 requires entry of judgment only on offers that have been validly accepted, and because they cannot bargain away their FLSA claims, employees lack the authority to accept Rule 68 offers to compromise their claims without judicial or DOL approval.

As the Supreme Court has explained, the FLSA applies "even to those who would decline its protections," because, otherwise, "employers might be able to use superior bargaining power to coerce employees … to waive their protections under

the Act." *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 302 (1985).

If FLSA claims could be settled without approval, "unscrupulous employers" would

be able to use their "disparate bargaining power" to coerce employees into

compromising their FLSA rights. *Cheeks*, 796 F.3d at 207. This concern is no less

present in the Rule 68 scenario than in the context of Rule 41. This Court should

hold that the FLSA's approval requirement applies to Rule 68 settlements of FLSA

claims and that such settlements require judicial or DOL approval before judgment

can be entered.

## ARGUMENT

## I.     FLSA Claims Can Be Settled Only with Judicial or DOL Approval.

**A.** Congress enacted the FLSA "to protect all covered workers from

substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best

Freight Sys., Inc.*, 450 U.S. 728, 739 (1981). The law was designed to ensure that

each covered employee received a "fair day's pay for a fair day's work and would

be protected from the evil of overwork as well as underpay." *Id.* (internal quotation

marks and citations omitted). "To accomplish this purpose standards of minimum

wages and maximum hours were provided." *Brooklyn Savs. Bank v. O'Neil*, 324

U.S. 697, 707 (1945).

Because of "the inequality of bargaining power" between employers and

employees, employees cannot waive their right to a minimum wage and overtime

pay under the Act. *Id.* at 708; *see Barrentine*, 450 U.S. at 740 ("[The Supreme] Court's decisions interpreting the FLSA have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act."). "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine*, 450 U.S. at 740 (quoting *Brooklyn Savs.*, 324 U.S. at 707).

Based on the recognition that FLSA rights cannot be waived, courts since the FLSA's earliest days have recognized that the statute places restrictions on settling or releasing claims. *See*, *e.g.*, *Brooklyn Savs.*, 324 U.S. at 704 (holding that, at least in the absence of a bona fide dispute over liability, employees cannot release their FLSA rights to statutory wages or liquidated damages); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 110 (1946) (holding that employees cannot bargain away wages and liquidated damages in the settlement of a bona fide dispute over the FLSA's coverage; *Fleming v. Post*, 146 F.2d 441, 443 (2d Cir. 1944) (holding that "there can be no valid release of the right to the payment of the back minimum and overtime wages"); *see also Bormann v. AT & T Commc'ns, Inc.*, 875 F.2d 399, 401 (2d Cir. 1989) (noting that the "private waiver of claims under the [FLSA] has been precluded by … Supreme Court decisions"). In *Gangi*, however, the Supreme Court suggested that employees might be able to settle FLSA claims through stipulated

judgments subject to judicial scrutiny. 328 U.S. at 113 n.8. And three years later, Congress added a specific method by which employees can waive FLSA claims: by accepting payments under the supervision of the Secretary of Labor. *See* 29 U.S.C. § 216(c).

In light of this case law and action by Congress, "courts have long held that there are only two ways in which FLSA claims can be settled or compromised by employees." JA 81. "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages[.]" *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* (refusing to approve settlement agreements that were not reached through either of the two routes); *see also Seminiano v. Xyris Enter., Inc.*, 602 F. App'x 682, 683 (9th Cir. 2015) ("FLSA claims may not be settled without approval of either the Secretary of Labor or a district court."); *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 175–76 (S.D.N.Y. 2015) (referring to the "traditional practice" in the Circuit of "subjecting FLSA settlements to judicial scrutiny"). *But see Martin v. Spring Break*

*'83 Prods., LLC*, 688 F.3d 247, 253 (5th Cir. 2012) (holding that settlement agreement entered into without court or DOL approval was enforceable).

In *Cheeks*, 796 F.3d 199, this Court applied the FLSA's requirement of judicial or DOL approval of settlements to Rule 41(a)(1)(A)(ii) stipulated dismissals with prejudice. *Cheeks* involved claims for overtime wages under the FLSA and New York Labor Law. The parties agreed on a private settlement of the action and filed a joint stipulation of dismissal under Rule 41(a)(1)(A), which provides that, "subject to Rules 23(e), 23.1(c), 23.2, and 66"—rules that require court approval of settlements—"and any applicable federal statute," a plaintiff can dismiss a case without a court order by filing a stipulation of dismissal signed by all of the parties. The district court declined to accept the stipulation, holding that parties cannot enter into private settlements of FLSA claims without judicial or DOL approval, and certified its order for interlocutory appeal.

This Court affirmed, holding that the FLSA is an "applicable federal statute," and that, "[t]hus, Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." 796 F.3d at 206. That is, the Court determined that, like Rules 23(e), 23.1(c), 23.2, and 66, the FLSA requires approval of settlements, and accordingly held that Rule 41(a)(1)(A)(ii) stipulated dismissals with prejudice require approval when they are "subject to" the FLSA's requirements. *See In re Painewebber Ltd. P'ships Litig.*,

147 F.3d 132, 137 (2d Cir. 1998) (explaining that the "'subject to' clause of Rule 41(a)(1) … incorporates" the relevant rule or statute's requirements).

The Court explained that "[r]equiring judicial or DOL approval of such settlements is consistent with what both the Supreme Court and our Court have long recognized as the FLSA's underlying purpose: 'to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.'" *Cheeks*, 796 F.3d at 206 (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). It discussed cases in which district courts have rejected proposed FLSA settlements, explaining that those cases "highlight[] the potential for abuse in such settlements, and underscore[] why judicial approval in the FLSA setting is necessary." *Id*. And it underlined that "the FLSA is a uniquely protective statute" and that the burdens caused by a court's rejection of a settlement "must be balanced against the FLSA's primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Id*. at 207. "[T]he need for such employee protections … remains," it concluded, "even where the employees are represented by counsel." *Id*.

**B**. Appellants contend that the settlement-approval requirement recognized in *Cheeks* is not a general requirement of the FLSA, but rather is "restricted to cases in which parties move to dismiss a pending case with prejudice under Rule 41(a)."

Appellants' Br. 21–22. As discussed above, however, *Cheeks*'s holding that Rule 41(a)(1)(A)(ii) stipulated dismissals of FLSA claims with prejudice require court or DOL approval is based on the recognition that the FLSA *itself* requires such approval of settlements. Absent such a requirement, the FLSA would not have been an "applicable federal statute," and a Rule 41(a)(1)(A)(ii) stipulated dismissal that was "subject to" the FLSA would not have required approval.

Appellants nonetheless maintain that the FLSA does not "specifically require settlement approval" because it does not contain an "explicit" provision to that effect. *Id*. at 14. But a statute's requirements do not consist only of those expressly mentioned in the text; they also include judicial interpretations of the statute, which are reached through application of "traditional tools of statutory construction," including examination of the statute's "text, legislative history, structure, and purpose." *Li v. Renaud*, 654 F.3d 376, 382 (2d Cir. 2011) (citations omitted); *see id.* (explaining that Congress may have "spoken to the precise question at issue in the case," "[e]ven absent explicit articulation of all components of a statutory provision" (internal quotation marks, citations, and alterations omitted)). And the Supreme Court specifically explained in *Brooklyn Savings* that the absence of "specific provisions prohibiting waiver of rights … or provid[ing] means by which compromises and settlements can be approved," and the existence of such provisions in other statutes, are not "conclusive in determining the legislative intent with respect

to the Fair Labor Standards Act." 324 U.S. at 713. Thus, regardless of the lack of an express provision forbidding waiver of FLSA claims, the Court concluded that "the legislative history and provisions of the Act support a view prohibiting such waiver." *Id*.

Appellants insist that there is no reason to treat the FLSA differently than statutes that do not require settlement approval. *See* Appellants' Br. at 18–19. This Court, however, has already determined otherwise, examining the FLSA's history and explaining that "the FLSA is a *uniquely* protective statute." *Cheeks*, 796 F.3d at 207 (emphasis added). The FLSA is "a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency[.]" *Brooklyn Savs.*, 324 U.S. at 706. Moreover, this Court has explained that, even in the context of the Age Discrimination in Employment Act, which incorporates the FLSA's enforcement scheme by reference, "the differing legislative purposes behind the Acts have led Congress and the courts to distinguish between the two on the issue of waiver of claims by individuals." *EEOC v. Kidder*, *Peabody & Co.*, 156 F.3d 298, 302 n.4 (2d Cir. 1998), *abrogated on other grounds by EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002); *see also*, *e.g.*, *Socias v. Vornado Realty L.P.*, 297 F.R.D. 38, 40

(E.D.N.Y. 2014) ("[T]he FLSA is distinct from all other employment statutes." (quoted in *Cheeks*, 796 F.3d at 205)).

Finally, Appellants argue that *Rodriguez-Depena v. Parts Authority, Inc.*, 877 F.3d 122 (2d Cir. 2017), which held that FLSA claims are arbitrable, and a district court decision holding the same, "make clear that represented employees can, outside the Rule 41 context, enter into enforceable settlements of their FLSA claims without court or DOL approval." Appellants' Br. 22. But the question whether a claim is arbitrable is separate from whether the underlying rights may be settled or compromised. As the Supreme Court has stated, "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) (citation omitted); *see also Rodriguez-Depena*, 877 F.3d at 124 (distinguishing *Cheeks* on the ground that *Cheeks* involved the "assurance of the fairness of a settlement of a claim filed in court," not the forum through which a dispute would be resolved).

In sum, as *Cheeks* confirms, the FLSA requires judicial or DOL approval of attempts to settle claims—a requirement not limited to Rule 41.

## II. Settlements Achieved Through Rule 68 Are Not Exempt from the FLSA's Approval Requirement.

Federal Rule of Civil Procedure 68 provides a mechanism for settling claims. The rule allows a defendant to "serve on an opposing party an offer to allow

judgment on specified terms." Fed. R. Civ. P. 68(a). If the offeree accepts the offer, "either party may then file the offer and notice of acceptance," and the "clerk must then enter judgment." *Id*. If the offeree does not accept the offer, the offer is considered withdrawn but, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Although Rule 68 agreements are settlements, and although the FLSA requires approval of settlements, Appellants contend that the district court erred in requiring them to submit their Rule 68 settlement for approval. Their primary argument is that, because Rule 68(a) says that the Court "must" enter judgment, the rule "neither requires nor permits judicial intervention." Appellants' Br. 7. As even Appellants concede, however, entry of judgment under Rule 68 is not mandatory where another statute "specifically require[s] settlement approval." *Id*. at 13. Because the FLSA requires approval of settlements, that principle governs here. Moreover, Rule 68 does not require courts to enter judgment on Rule 68 offers that have not been approved by a court or DOL, because Rule 68's "must" language only applies to valid offers and acceptances, and employees lack authority to accept an offer that would waive their FLSA rights without judicial or DOL approval.

## A. Rule 68 Does Not Override Settlement-Approval Requirements Imposed by Statutes or Other Rules.

Rule 68 does not require courts automatically to enter judgment in all cases involving settlements reached under the rule. As the district court observed, the notion that Rule 68 "leaves no room for judicial scrutiny of an accepted offer … crumbles under closer scrutiny." JA 83; *see* 12 Charles A. Wright, Arthur R. Miller, *et al*., Fed. Prac. & Proc. § 3005 (2d ed.) ("[The statement] that the court has no choice about entering the agreed judgment … is too broad to encompass all instances in which Rule 68 offers are made."). Rather, in the "myriad settings in which a court has an independent duty … to review the terms of a settlement offer[,] Rule 68's operation does not relieve the court of that duty." *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1251 (11th Cir. 2002) (Marcus, J., specially concurring).

For example, "in class actions the court has an independent duty under rule 23(e) to decide whether a settlement is acceptable, and Rule 68 cannot remove that authority and duty." 12 Fed. Prac. & Proc. Civ. § 3005. Thus, "when an offer of judgment is made in a class action, the court must hold a Rule 23(e) fairness hearing to approve the judgment before judgment is entered according to the offer." *Carducci v. Aetna U.S. Healthcare*, No. CIV.A. 01-4675 (JBS), 2003 WL 22207204, at *5 (D.N.J. Apr. 16, 2003). Likewise, "the relator in a *qui tam* action under the False Claims Act may not agree to a settlement without the 'written consent' of *both*

'the court and the Attorney General'" and many jurisdictions "require judicial approval for settlement of any action commenced by or on behalf of a minor." JA 83 (quoting the False Claims Act, 31 U.S.C. § 3730(b)). As the district court observed, it is "unimaginable that Congress and the Supreme Court intended to allow parties to bypass these requirements through the mechanism of a Rule 68 settlement." JA 84.[2]

Appellants agree that "[s]tatutes that specifically require settlement approval … control over Rule 68." Appellants' Br. 14 (citing the False Claims Act, 31 U.S.C. § 3730(b)); *see also id*. at 13 ("Rule 68 may not apply when a statute blocks or modifies its operations."). That undisputed principle applies here: As discussed above, the FLSA requires court or DOL approval of settlements. "Rule 68 cannot remove that authority and duty," 12 Fed. Prac. & Proc. Civ. § 3005, and, accordingly, Rule 68 settlements of FLSA claims must receive approval before judgment can be entered.

Moreover, the Federal Rules of Civil Procedure "must be interpreted in keeping … with the Rules Enabling Act." *Amchem Prods., Inc. v. Windsor*, 521 U.S.

---

[2] Rule 68 also does not require automatic entry of judgment in other situations in which another rule or statute forbids or places limitations on settling. As the district court noted, for example, "courts 'will not, of course, enter judgment pursuant to a Rule 68 offer of judgment that contemplates illegal activity, regardless of the parties' agreement.'" JA 84 (quoting *Perkins v. U.S. W. Commc'ns*, 138 F.3d 336, 338 n.5 (8th Cir. 1998)).

591, 613 (1997). The Rules Enabling Act permits the Supreme Court to "prescribe general rules of practice and procedure … for cases in the United States district courts," 28 U.S.C. § 2072(a), but provides that "[s]uch rules shall not abridge, enlarge or modify any substantive right." *Id*. § 2072(b); *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011) ("The Rules Enabling Act forbids interpreting [a Federal Rule of Civil Procedure] to 'abridge, enlarge or modify any substantive right[.]'" (quoting 28 U.S.C. § 2072(b))). Here, reading Rule 68 to require courts to enter judgment on unapproved FLSA settlements would modify substantive FLSA rights, making those non-waivable rights waivable by employees. Likewise, it would "alter[] the rules of decision by which the court will adjudicate" FLSA claims. *Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 83 (2d Cir. 2013) (citation omitted). Because Rule 68 would violate the Rules Enabling Act if it overrode FLSA's approval requirement, consideration of the Rules Enabling Act confirms that Rule 68 does not require courts to enter judgment on unapproved FLSA settlements.

### B. Employees Lack Authority to Accept Rule 68 Offers Without Judicial or DOL Approval.

"Rule 68 offers of judgment and acceptances thereof are contracts to be interpreted according to ordinary contract principles." *Steiner v. Lewmar, Inc.*, 816 F.3d 26, 31 (2d Cir. 2016); *see also Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 670 (2016) (applying "basic principles of contract law" to a Rule 68 offer). Thus,

"like any contract, a Rule 68 compromise must have a valid offer and a valid acceptance." *Sanchez v. Burgers & Cupcakes, LLC*, No. 16-CV-3862 (VEC), 2017 WL 2171870, at *2 (S.D.N.Y. Mar. 16, 2017). Because employees cannot waive their rights under the FLSA, they cannot validly accept offers to settle their claims unless the offers are approved by the court or DOL. *See*, *e.g.*, *id*. ("An FLSA plaintiff may not validly 'accept' a Rule 68 offer without [DOL] or Court approval under *Cheeks*."); JA 52 (DOL amicus brief, explaining that "an FLSA plaintiff may not accept from a private employer a Rule 68(a) offer of judgment that terminates her claim with prejudice unless the offer is approved by a court or supervised by DOL"). And because the court's "obligation to enter judgment pursuant to Rule 68(a) presupposes a valid offer and acceptance," Rule 68 places no obligation on courts to enter judgment on unapproved Rule 68 settlements of FLSA claims. *Sanchez*, 2017 WL 2171870, at *3; *accord Lopez v. Overtime 1st Ave. Corp.*, 252 F. Supp. 3d 268, 272 (S.D.N.Y. 2017).

Thus, in holding that courts do not need to automatically enter judgment on a FLSA settlement reached through Rule 68, the district court did not "amend," "rewr[i]te" or create an "exception" to Rule 68, as Appellants repeatedly claim. *See*, *e.g.*, Appellants' Br. 6, 12. Rather, the district court correctly recognized that, in addition to the reasons discussed above, Rule 68 did not require entry of judgment due to the lack of a valid offer and acceptance.

Appellants argue that, in holding that employees lack the ability to validly accept Rule 68 offers to settle FLSA claims without approval, the district court "erroneously conflated capacity to contract with enforceability of a contract." *Id*. at 28. According to Appellants, the question whether a Rule 68 agreement "complies with the FLSA and is enforceable" is separate from whether the employee has the capacity to enter into the contract. *Id*. at 29. In *Cheeks*, however, this Court explained that the question before it was *not* "whether a private FLSA settlement is enforceable," but "whether the parties can enter into a private stipulated dismissal of FLSA claims with prejudice, without the involvement of the district court or DOL, that may later be enforceable." 796 F.3d at 204. The Court held that the parties could not. *See id*. at 200 ("[A]bsent such approval, parties cannot settle their FLSA claims through a private stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)."). *Cheeks* thus makes clear that the FLSA's prohibition on settling claims without approval does not just apply to the enforcement of settlements when they are challenged. The prohibition prevents the parties from being able to validly enter the settlements in the first place.[3]

---

[3] Instead of discussing *Cheeks* in the section of their brief on this topic, Appellants rely on *Gordon v. Gouline*, 81 F.3d 235 (D.C. Cir. 1996), which applied a bankruptcy rule requirement of court approval of settlements to Rule 68 offers. There, the D.C. Circuit held that the "conditions of Rule 68 are fulfilled" if the trustee accepts an offer within the time required by Rule 68 and the parties obtain the required approval as expeditiously as possible. *Id*. at 237. At the end of the opinion, the court stated that it was "conceivable" that, if the bankruptcy court disapproved of the settlement,

Moreover, that the FLSA's approval requirement relates to the authority to enter into contracts, not simply their enforceability, follows from requirement's basis in the recognition that employees cannot waive their FLSA rights. *See Brooklyn Savs.*, 324 U.S. at 707 (explaining that "waiver of basic minimum and overtime wages under the Act" is "forbid[den]"). Stated differently, the *reason* unapproved FLSA settlements are unenforceable is because employees never had the authority to bargain away their FLSA rights and claims in the first place. Because employees cannot validly accept a settlement offer that does not allow for court or DOL approval, and because Rule 68 does not require courts to enter judgment on invalid offers and acceptances, the district court correctly held that Rule 68 does not require courts to enter judgment on unapproved Rule 68 settlements.

## III. Exempting Rule 68 Settlements from the FLSA's Approval Requirement Would Undermine *Cheeks* and the FLSA's Protections.

Requiring courts to enter judgment on unapproved FLSA settlements if those settlements are reached through Rule 68's mechanism would provide an end-run around *Cheeks* and the FLSA's approval process, undermining the FLSA's goals of

---

the trustee would still be bound by his acceptance of the offer and would have to petition the court for relief from judgment. *Id*. at 240. However, the court declined to resolve that question because it was not before it, and the court did not explain how such a result would be consistent with the bankruptcy rules, let alone suggest that such an outcome would be appropriate in the context of the FLSA, where the requirement of court approval is grounded in the inability of employees to waive their FLSA rights.

ensuring workers "a fair day's pay for a fair day's work." *Cheeks*, 796 F.3d at 207 (citation omitted). "Low wage employees, even when represented in the context of a pending lawsuit, often face extenuating economic and social circumstances and lack equal bargaining power; therefore, they are more susceptible to coercion or more likely to accept unreasonable, discounted settlement offers quickly." *Socias*, 297 F.R.D. at 40 (quoted in *Cheeks*, 796 F.3d at 205). FLSA's approval process stands as an important protection for these employees, helping to "prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Cheeks*, 796 F.3d at 207. "[H]olding that Rule 68 settlements do not require judicial approval would," as the district court explained, "result in the very evil that the *Cheeks* Court sought to prevent: It would permit defendants to circumvent the FLSA's deterrent effect and eviscerate FLSA protections." JA 86 (internal quotation marks and citations omitted).

Appellants insist that the potential for abuse identified by this Court in *Cheeks* is "adequately addressed" in the Rule 68 context. Appellants' Br. 22. They contend that the majority of FLSA plaintiffs have counsel, and that, "[w]ith the aid of counsel, the unequal bargaining relationship of concern in *Lynn's Food* and *Cheeks* ceases to exist." *Id*. at 24. This Court, however, has already determined that the need for employee protections to remedy differences in bargaining power remains, "even where the employees are represented by counsel." *Cheeks*, 796 F.3d at 207; *see also*

*Socias*, 297 F.R.D. at 41 ("Without judicial oversight, … employers may be more inclined to offer, and employees, even when represented by counsel, may be more inclined to accept, private settlements that ultimately are cheaper to the employer than compliance with the Act." (quoted in *Cheeks*, 796 F.3d at 205–06)). Appellants also contend that concerns about confidentiality provisions are unwarranted in Rule 68 cases because Rule 68 judgments are public, and they note that the offer in this case did not purport to decide attorneys' fees or release claims other than those in the complaint. Appellants' Br. at 23–24. But a judge looking at a Rule 68 offer and acceptance will have no idea whether the parties have also entered into a separate, confidential settlement agreement—with problematic terms—and then used Rule 68 as a means of terminating the case. And whether *this case* involves excessive fees or an overly broad waiver of claims is irrelevant. As the district court observed, "to the extent the parties' agreement in *this* case lacks the hallmarks of coercion, it may well be fair; but that is an argument for settlement approval, not an argument for letting the parties here—let alone the parties in *all* FLSA cases—settle with no oversight whatsoever." JA 88.

Moreover, Appellants provide no reason to think that Rule 68 settlements are less likely than Rule 41 stipulated dismissals to involve differences in bargaining power that could lead to coercion and inadequate awards. "Indeed, there is likely even greater potential for abuse when it comes to settlements made within the Rule

68 framework. Because plaintiffs face severe consequences if they refuse a Rule 68 offer, employers are granted even more leverage to strike abusive deals." *Toar*, No. 13-CV-1901, Docket No. 137, slip op. at 10. Underscoring that coercion exists in the Rule 68 context, one of the cases cited by *Cheeks* in its paragraph discussing abusive settlements involved Rule 68 offers. In that case, "[a]ccording to Plaintiff's counsel, twenty-two plaintiffs accepted the offers of judgment—many for $100— because 'they [we]re unemployed and desperate for any money they c[ould] find.'" *Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 600 n.4 (N.D. Ga. 2014) (quoted in *Cheeks*, 796 F.3d at 206).

Recent cases in this Circuit underscore that Appellants' position would undermine the protections provided by *Cheeks*. Although *Cheeks* was decided less than three years ago, multiple examples already exist of cases in which district courts have determined that the parties before them had attempted to use Rule 68 to avoid judicial review of an unfair settlement that was negotiated outside of Rule 68's process. In *Rodriguez-Hernandez v. K Bread & Co., Inc.*, No. 15-CV-6848 (KBF), 2017 WL 2266874 (S.D.N.Y. May 23, 2017), for example, the parties settled their dispute, then "mischaracterized their settlement as an 'offer of judgment' to the Court." *Id.* at *1. When the court insisted on seeing the proposed settlement agreement, the proposal made "clear what the Court ha[d] suspected throughout th[e] litigation—that the settlement was likely mischaracterized because of a desire by

plaintiff's counsel to receive an unreasonably high attorney's fee award and shield such award from review by th[e] Court." *Id*. Likewise, in *Lopez*, 252 F. Supp. 3d 268, the parties submitted a proposed settlement to the court, which held a fairness hearing and declined to approve the offer for several reasons, including the parties' failure to explain why the named plaintiff was receiving more than five times the amount of his co-plaintiffs. *See id*. at 270. The plaintiffs then each filed accepted offers of judgment, which together totaled the same amount as the rejected settlement, and under which the named plaintiff still received more than five times the others. *See id*. And in *Toar*, No. 13-CV-1901, Docket No. 137, slip op. at 13, the court noted that the Rule 68 offer was only made after the parties told the court that they had reached a settlement and the court directed them to provide the terms of the settlement for judicial review. The court accordingly concluded that the "filing of the Offer of Judgment and Acceptance appear[ed] to be an end run around judicial review of the terms of that settlement." *Id*. "[I]n light of the parties' apparent efforts to purposefully evade my review of their settlement," the court noted, "it suggests to me that the settlement may be of precisely the type of settlement the court in *Cheeks* acknowledged should be subject to judicial approval." *Id*. at 14.

Despite the potential for abuse in Rule 68 settlements, Appellants argue that, instead of requiring approval of settlements, the "appropriate recourse" for addressing fairness concerns is "[p]ost-judgment review," such as a Rule 60 motion

for relief from judgment. Appellants' Br. 25. Motions for relief from judgment can also be made in the context of Rule 41(a)(1)(A)(ii), however. *See Gomez v. City of New York*, 805 F.3d 419 (2d Cir. 2015). Yet this Court determined in *Cheeks* that "judicial approval in the FLSA setting is necessary," 796 F.3d at 206, and held that parties cannot enter into private stipulated dismissals of FLSA claims under Rule 41(a)(1)(A)(ii) without court or DOL approval. Moreover, restricting the protections provided by the approval requirement to post-judgment review would limit relief from unfair settlements to employees with sufficient knowledge and resources to be able to challenge the judgment. It would thereby leave unprotected those employees who are most vulnerable to abuse by "unscrupulous employers" and most in need of the FLSA's protections to remedy the disparate bargaining power between them and their employers. *Id.* at 207.

In contrast to the purposes of the FLSA, which would be undermined if parties could use Rule 68 to evade the FLSA's approval requirement, "the conclusion that parties may not evade the requirement for judicial (or DOL) approval by way of Rule 68" does not, as Appellants claim, "undermine Rule 68's purpose of facilitating settlement." JA 90. As the district court explained, "requiring the parties to submit their settlements to scrutiny is unlikely to deter many settlements (except for those that are unfair or unreasonable, which is precisely the point)." *Id.* And Rule 68 will

still encourage settlement by placing employees at risk of cost-shifting if they reject the offer.

With regard to cost-shifting, Appellants raise the question whether costs would be shifted in situations where the district court rejects the settlement and the final judgment is less favorable than the offer. As the district court noted, there is no need for that question to be decided in this case. JA 91. If this Court decides to reach the question, however, it should hold that the plaintiff should not be required to pay costs when it was the court that rejected the Rule 68 offer. Contrary to Appellants' claims, such a holding would not "make Rule 68 unavailable in those cases." Appellants' Br. 26. Defendants would remain free to make fair and reasonable offers, which would shift costs if rejected by the plaintiffs.

In the end, as even a court that agreed with Appellants' position in this case recognized, the outcome Appellants seek "gives clever defendant-employers an aperture the size of the Grand Canyon through which they can drive coercive settlements in Fair Labor Standards Acts cases without obtaining court approval— as well as a vehicle for seriously compromising the plaintiff's lawyer-client relationship." *Baba v. Beverly Hills Cemetery Corp. Inc.*, No. 15-CV-5151 (CM), 2016 WL 2903597, at *1 (S.D.N.Y. May 9, 2016). Rule 68 does not require this sort of harm to the FLSA's employee protections, or to the FLSA's underlying purpose.

This Court should hold that Rule 68 settlements of FLSA claims require judicial or DOL approval before judgment may be entered.

## CONCLUSION

For the foregoing reasons, this Court should affirm the district court.

Respectfully submitted,

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum
Sean M. Sherman
Adam R. Pulver
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
arosenbaum@citizen.org

April 30, 2018

Counsel for Court-Appointed Amicus
Curiae Public Citizen Litigation
Group

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation set forth in the Court's February 6, 2018 order, because it contains 7,558 words, excluding the parts of the brief exempted under Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief was prepared in a proportionally spaced typeface in 14-point Times New Roman.

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum
