# 17-3388

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

———————————————————————————

MEI XING YU, individual, on behalf of all other employees similarly situated,
*Plaintiff-Appellee,*

— v. —

HASAKI RESTAURANT, INC., SHUJI YAGI, KUNITSUGU NAKATA,
HASHIMOTO GEN,
*Defendants-Appellants,*

JANE DOE and JANE DOE #1-10,
*Defendants.*

———————————————————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

———————————————————————————

**BRIEF OF *AMICUS CURIAE* SECRETARY OF LABOR
IN SUPPORT OF THE DISTRICT COURT'S DECISION**

———————————————————————————

KATE S. O'SCANNLAIN
Solicitor of Labor

JENNIFER S. BRAND
Associate Solicitor

PAUL L. FRIEDEN
Counsel for Appellate Litigation

JAMES M. MORLATH
Attorney

U.S. Department of Labor
Office of the Solicitor
Room N2716
200 Constitution Ave., NW
Washington, DC 20210
Morlath.James.M@dol.gov

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ ii

STATEMENT OF IDENTITY, INTEREST, AND SOURCE OF AUTHORITY
TO FILE .............................................................................................2

STATEMENT OF THE ISSUE....................................................................3

STATEMENT OF THE CASE......................................................................3

ARGUMENT ............................................................................................6

AN EMPLOYEE CANNOT LAWFULLY ACCEPT A RULE 68 OFFER OF
JUDGMENT FROM A PRIVATE EMPLOYER THAT TERMINATES HER
FLSA CLAIM WITH PREJUDICE WITHOUT REVIEW BY A COURT OR
THE DEPARTMENT ..............................................................................6

    A.    The protections of the FLSA may not be waived by private agreement.. .7

    B.    A plaintiff may not accept an offer to waive or compromise her FLSA
        claim unless the resulting agreement is approved by a court or supervised
        by the Department. ...................................................................13

    C.    A Rule 68 offer and acceptance is a private agreement that must be
        approved by a court or supervised by the Department to the extent it
        terminates an employee's FLSA claim against a private employer with
        prejudice. ...............................................................................21

CONCLUSION.........................................................................................29

CERTIFICATE OF COMPLIANCE.............................................................31

CERTIFICATE OF SERVICE ....................................................................32

# TABLE OF AUTHORITIES

Page

Cases:

A.H. Phillips, Inc. v. Walling,
  324 U.S. 490 (1945) ..........................................................................17

Anwar v. Stephens,
  No. 15-CV-4493(JS)(GRB), 2017 WL 455416
  (E.D.N.Y. Feb. 2, 2017) ....................................................................27

Baba v. Beverly Hills Cemetery Corp.,
  No. 15-CV-5151 (CM), 2016 WL 2903597
  (S.D.N.Y. May 9, 2016) ....................................................................27

Barnhill v. Fred Stark Estate,
  No. 15-CV-3360 (BMC), 2015 WL 5680145
  (E.D.N.Y. Sept. 24, 2015) .................................................................27

Barrentine v. Arkansas-Best Freight Sys., Inc.,
  450 U.S. 728 (1981) ..................................................................... 7, 21

Benavides v. Serenity Spa NY Inc.,
  No. 15-CV-9189 (JLC), 2018 WL 2383144
  (S.D.N.Y. May 25, 2018) ..................................................................27

Bodle v. TXL Mortg. Corp.,
  788 F.3d 159 (5th Cir. 2015)....................................................... 15 - 16

Brooklyn Sav. Bank v. O'Neil,
  324 U.S. 697 (1945) ................................................................. passim

Campbell-Ewald Co. v. Gomez,
  136 S. Ct. 663 (2016) .......................................................................21

Cheeks v. Freeport Pancake House, Inc.,
  796 F.3d 199 (2d Cir. 2015) ....................................................... passim

ii

Cases--Continued:

Copeland v. ABB, Inc.
  521 F.3d 1010, 1014 (8th Cir. 2008) ................................................16

D.A. Schulte, Inc. v. Gangi,
  328 U.S. 108 (1946) .......................................................... passim

Dees v. Hydradry, Inc.,
  706 F. Supp. 2d 1227 (M.D. Fla. 2010) ............................................27

Garrard v. Se. Shipbuilding Corp.,
  163 F.2d 960, 961 (5th Cir. 1947) .................................................19

Gordon v. Gouline,
  81 F.3d 235 (D.C. Cir. 1996) ................................................... 4, 25

Integrity Staffing Sols., Inc. v. Busk,
  135 S. Ct. 513 (2014) .............................................................11

Jewell Ridge Coal Corp. v. UMWA Local 6167,
  325 U.S. 161 (1945) ........................................................... 8, 23

Khereed v. W. 12th St. Rest.,
  317 F.R.D. 441 (S.D.N.Y. 2016) ...................................................27

Lopez v. Nights of Cabiria,
  96 F. Supp. 3d 170 (S.D.N.Y. 2015) ...............................................18

Lopez v. Overtime 1st Ave. Corp.,
  252 F. Supp. 3d 268 (S.D.N.Y. 2017) ..............................................27

Luna v. Del Monte Fresh Produce (Se.), Inc.,
  No. 1:06-CV-2000-JEC, 2008 WL 754452
  (N.D. Ga. Mar. 19, 2008) ........................................................27

Lynn's Food Stores, Inc. v. United States,
  679 F.2d 1350 (11th Cir. 1982) .............................................. passim

Page

Cases--Continued:

Martin v. Spring Break Prods., L.L.C.,
    688 F.3d 247 (5th Cir. 2012) ........................................................................ 15, 16

McConnell v. Applied Performance Techs., Inc.,
    98 F. App'x 397 (6th Cir. 2004) ..............................................................15

McGraw v. Courtesy Valet Corp.,
    CIV No. 8:15-cv-1327, 2015 WL 11142628
    (M.D. Fla. Sept. 28, 2015) ......................................................................22

Melgar v. OK Foods
    No. 17-2612, 2018 WL 4100070 (8th Cir. Aug. 29, 2018) ..................................16

Nall v. Mal-Motels, Inc.,
    723 F.3d 1304 (11th Cir. 2013) ..............................................................14

Norman v. Alorica, Inc.,
    No. 11-00433-KD-C, 2012 WL 5452196 (S.D. Ala. Nov. 7, 2012) ....................27

O'Connor v. United States,
    308 F.3d 1233 (Fed. Cir. 2002) ..............................................................16

Perkins v. U.S. West Commc'ns,
    138 F.3d 336 (8th Cir. 1998) ..............................................................25

Picerni v. Bilingual Seit & Preschool Inc.,
    925 F. Supp. 2d 368 (E.D.N.Y. 2013) ..............................................................18

Rodriguez-Depena v. Parts Authority, Inc.,
    877 F.3d 122 (2d Cir. 2017) ..............................................................17

Sanchez v. Burgers & Cupcakes, LLC,
    No. 16-CV-3862, 2017 WL 2171870
    (S.D.N.Y. Mar. 16, 2017) ........................................................................ passim

iv

Cases--Continued:

Seminiano v. Xyris Enter., Inc.,
  602 F. App'x 682 (9th Cir. 2015).....................................................14

Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins.,
  559 U.S. 393 (2010) ...................................................................26

Socias v. Vornado Realty L.P.,
  297 F.R.D. 38 (E.D.N.Y. 2014)......................................................17

Steiner v. Lewmar, Inc.,
  816 F.3d 26 (2d Cir. 2016) ...........................................................21

Taylor v. Progress Energy, Inc.,
  415 F.3d 364 (4th Cir. 2005), judgment vacated (June 14, 2006),
  opinion reinstated on reh'g, 493 F.3d 454 (4th Cir. 2007), superseded by
  regulation on other grounds as stated in Whiting v. Johns Hopkins Hosp., 416 F.
  App'x 312 (4th Cir. 2011) .......................................................... 14 - 15

Toar v. Sushi Nomado of Manhattan, Inc.,
  No. 13-CV-1901 (VSB) (S.D.N.Y. Mar. 16, 2017) ..............................27

Tony & Susan Alamo Found. v. Sec'y of Labor,
  471 U.S. 290 (1985) ....................................................................7

Walker v. Vital Recovery Services, Inc.
  300 F.R.D. 599 (N.D. Ga. 2014) ........................................ 18, 23, 27

Walton v. United Consumers Club, Inc.,
  786 F.2d 303 (7th Cir. 1986)............................................. 15, 24

Whiting v. Johns Hopkins Hosp.,
  416 F. App'x 312 (4th Cir. 2011)......................................................15

Yu v. Hasaki Rest. Inc.,
  No. 17-CV-3388 (2d Cir. Oct. 23, 2017) .............................................5

Cases--Continued:

Yu v. Hasaki Rest., Inc.,
   319 F.R.D. 111
   (S.D.N.Y. 2017)......................................................................27
   JA79-92........................................................................... passim

Yunjian Lin v. Grand Sichuan 74 St Inc.,
   No. 15-CV-2950(RA), 2018 WL 3222519
   (S.D.N.Y. July 2, 2018) ..........................................................27

Statutes:

  Age Discrimination in Employment Act,
    29 U.S.C. 621 *et seq.* .........................................................19

  Fair Labor Standards Act,
    29 U.S.C. 201 *et seq.*:
    29 U.S.C. 202.................................................................7
    29 U.S.C. 202(a)........................................................7, 8
    29 U.S.C. 202(b)............................................................7
    29 U.S.C. 216(b)...............................................12, 14, 19
    29 U.S.C. 216(c) .........................................12 - 13, 14, 19

  Family and Medical Leave Act,
    29 U.S.C. 2601 *et seq.* .......................................................20

  Portal-to-Portal Act,
    29 U.S.C. 251 *et seq.*:
    29 U.S.C. 251(a)...........................................................11
    29 U.S.C. 253...............................................................11
    29 U.S.C. 253(a)......................................................11, 12
    29 U.S.C. 253(b)...........................................................12
    29 U.S.C. 253(c)...........................................................12

  Rules Enabling Act,
    28 U.S.C. 2072 *et seq.*:
    28 U.S.C. 2072(b).........................................................26

Rules:

Second Circuit Rules,
    Rule 29.1 .......................................................................3

Federal Rules of Appellate Procedure,
    Rule 29 ..........................................................................1
    Rule 29(a) ......................................................................3

Federal Rules of Civil Procedure,
    Rule 41 ..........................................................................5
    Rule 41(a)(1)(A) .................................................... passim
    Rule 41(a)(1)(A)(ii) ............................................... 16, 17
    Rule 68 ................................................................. passim
    Rule 68(a) ............................................................ passim

Public Laws:

Fair Labor Standards Amendments of 1949,
    Pub. L. No. 81-393, § 14, 63 Stat. 910, 919 (1949)
      (codified at 29 U.S.C. 216(c)) ....................................12

Portal-to-Portal Act of 1947,
    Pub. L. No. 80-49, § 3, 61 Stat. 84, 86 (1947)
      (codified at 29 U.S.C. 253)........................................11

Other Authorities:

81 Cong. Rec. 7652, 7672, 7885 ..........................................9

Age Discrimination in Employment Act—Waiver of Rights,
    S. Hrg. No. 100-717 (1988) .........................................19

H.R. Rep. No. 101-664 (1990) ............................................19

Other Authorities--Continued:

Fed. Prac. & Proc. § 3005
    12 Charles A. Wright, Arthur R. Miller, et al., (2d ed. April 2013) .............25

U.S. Dep't of Labor,

    Emp't Standards Admin., Wage and Hour Div.,
        73 Fed. Reg. 67,934, 2008 WL 4898395
        (Nov. 17, 2008) (Final Rule) ............................................................20

    Sec'y of Labor Br.,
        Lynn's Food Stores, Inc. v. United States,
        (No. 81-7747) 679 F.2d 1350 (11th Cir. 1982)
        (filed Jan. 18, 1982) ...........................................................................19

    Sec'y of Labor Letter Br.,
        Cheeks v. Freeport Pancake House, Inc.,
        (No. 14–299–cv), 796 F.3d 199 (2nd Cir. 2015), 2015 WL 1814065
        (filed Mar. 27, 2015) .........................................................................20

    Sec'y of Labor Letter Br.,
        Sanchez v. Burgers & Cupcakes, LLC,
        (No. 16-CV-3862), 2017 WL 2171870 (S.D.N.Y. 2017)
        (filed Jan. 13, 2017).................................................. 3, 4, 20

No. 17-3388

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

MEI XING YU, individual, on behalf of all other employees similarly situated,

*Plaintiff-Appellee*,

– v. –

HASAKI RESTAURANT, INC., SHUJI YAGI, KUNITSUGU NAKATA,
HASHIMOTO GEN,

*Defendants-Appellants,*

JANE DOE and JANE DOE #1-10,

*Defendants.*

_____

On Appeal from the United States District Court
for the Southern District of New York

_____

BRIEF OF *AMICUS CURIAE* SECRETARY OF LABOR
IN SUPPORT OF THE DISTRICT COURT'S DECISION

_____


Pursuant to Federal Rule of Appellate Procedure 29, the Secretary of

Labor ("Secretary") submits this brief as *amicus curiae*. For the reasons set

forth below, a plaintiff may not accept from a private employer an

offer of judgment under Rule 68(a) of the Federal Rules of Civil Procedure

that terminates her claim under the Fair Labor Standards Act

("FLSA" or "the Act") with prejudice unless a district court approves or the

Department of Labor ("Department") supervises the resulting agreement.[1]

## STATEMENT OF IDENTITY, INTEREST, AND SOURCE OF AUTHORITY TO FILE

The Secretary has a substantial interest in the interpretation of the FLSA

because he administers and enforces the Act. The Department's longstanding

position is that FLSA rights cannot be waived or compromised by private

agreement and that, accordingly, an employee can only enter a settlement

agreement that terminates her FLSA claim with prejudice if it is supervised by the

Department or approved by a court. Consistent with its longstanding position, as

well as the view adopted by this Court in the context of Rule 41(a)(1)(A) of the

Federal Rules of Civil Procedure in Cheeks v. Freeport Pancake House, Inc., 796

F.3d 199, 206 (2d Cir. 2015), the Department argued in Sanchez v. Burgers &

---

[1] Rule 68(a) states:

Offer of Judgment

(a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a).

Cupcakes, LLC that this nonwaiver principle extends to Rule 68(a) agreements terminating FLSA claims with prejudice between private parties.  See Sec'y of Labor Letter Br. at 9-13, Sanchez (No. 16-CV-3862), 2017 WL 2171870 (S.D.N.Y. Mar. 16, 2017).[2]

This brief is filed at the invitation of this Court and in accordance with Federal Rule of Appellate Procedure 29(a) and Local Rule 29.1.

## STATEMENT OF THE ISSUE

Whether the district court correctly held that private parties cannot terminate a claim under the FLSA with prejudice using Rule 68(a) without any review by a court or the Department.

## STATEMENT OF THE CASE

1.  In August 2016, Plaintiff Mei Xing Yu ("Yu") filed a complaint in the District Court for the Southern District of New York against Hasaki Restaurant, its owners, and several named managers ("Hasaki") alleging that he is entitled to unpaid wages, liquidated damages, and attorney's fees under the FLSA and New York Labor Law.  See JA9-10.[3]  In November 2016, Hasaki served a Rule 68(a)

---

[2] In the ordinary course, agreements reached through Rule 68(a) are before courts and are not reviewed by the Department.

[3] Unless otherwise indicated, all citations to the district court record, including the opinion and order, are to the Joint Appendix ("JA") attached to Hasaki's brief.

offer of judgment upon Yu, which stated that acceptance thereof would dismiss Yu's claims with prejudice.  <u>See</u> JA42.  Yu then filed a notice of acceptance.  <u>See</u> JA33.

2.  The district court ordered the parties to file a copy of their settlement agreement with the court or, in the alternative, a joint letter explaining why judicial approval is not required.  <u>See</u> JA34.  The parties responded with a joint letter arguing that entry of judgment on Yu's notice of acceptance was mandatory.  <u>See</u> JA45-50.  The court deferred its decision to consider the views expressed by the Department in its *amicus curiae* brief in <u>Sanchez</u>, and allowed the parties an opportunity to respond, which they did.  <u>See</u> JA51, 66-68.  In its opinion and order, the court endorsed the Department's view in <u>Sanchez</u> that an FLSA plaintiff cannot lawfully accept a Rule 68(a) offer of judgment without judicial approval or supervision by the Department.  <u>See</u> JA83-84, 85.

Notwithstanding the ostensibly mandatory language of Rule 68(a), the <u>Yu</u> court noted that there are multiple instances in which courts scrutinize agreements reached through Rule 68(a)—for instance, in class actions.  <u>See</u> JA83 (citing <u>Gordon v. Gouline</u>, 81 F.3d 235, 239 (D.C. Cir. 1996)).  Applying contract principles and this Court's reasoning in <u>Cheeks</u>, the district court concluded that FLSA claims fall within "the narrow class of claims that cannot be settled under Rule 68 without approval by the court (or the DOL)."  JA85.  According to the

4

court, "'a Rule 68 compromise—just like any other settlement—is a contractual agreement,' and therefore 'must have a valid offer and a valid acceptance.'" JA89 (quoting <u>Sanchez</u>, 2017 WL 2171870, at *2). And, according to the court, "<u>Cheeks</u> and the decades of Supreme Court jurisprudence on which it relies make clear . . . [that] FLSA claimants do not have authority to compromise their claims without judicial approval or DOL oversight.'" <u>Id.</u> Thus, "valid acceptance" of a Rule 68(a) offer of judgment in an FLSA case "presupposes judicial (or DOL) approval of the parties' agreement." <u>Id.</u> The court further concluded that the concerns expressed in <u>Cheeks</u> with abuses in FLSA settlements, such as "overbroad releases that include non-wage claims, excessive attorneys' fees, and inadequate awards," 796 F.3d at 206, "apply no less to settlements under Rule 68 than they do to settlements under Rule 41." JA86.

The court thus ordered the parties to "explain[] the basis for their proposed settlement and why it should be approved as fair and reasonable." JA92. As the district courts in this Circuit are divided regarding the applicability of <u>Cheeks</u> to Rule 68, however, the court certified its order for interlocutory review. <u>See</u> JA91. This Court granted the motion for interlocutory appeal. <u>See</u> <u>Yu v. Hasaki Rest., Inc.</u>, No. 17-CV-3388, (2d Cir. Oct. 23, 2017).

## ARGUMENT

## AN EMPLOYEE CANNOT LAWFULLY ACCEPT A RULE 68 OFFER OF JUDGMENT FROM A PRIVATE EMPLOYER THAT TERMINATES HER FLSA CLAIM WITH PREJUDICE WITHOUT REVIEW BY A COURT OR THE DEPARTMENT

The plain language of Rule 68(a) presupposes that an employee is able to accept an offer of judgment; that indeed is a predicate for the district court's entry of judgment under that rule. An FLSA plaintiff, however, may not accept from a private employer a Rule 68(a) offer of judgment that terminates her claim with prejudice unless a district court approves or the Department supervises the resulting agreement. This position is consistent with Supreme Court precedent, which holds that an employee's rights under the FLSA are nonwaivable, see Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 710 (1945), D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 116 (1946), as well as the Department's longstanding view—and the view adopted by this Court in the context of Rule 41(a)(1)(A) in Cheeks, 796 F.3d at 206—that an employee can only enter into a settlement agreement that waives or compromises her rights under the FLSA if the agreement is approved by a court or supervised by the Department. It also is consistent with legislative enactments demonstrating congressional acceptance of the nonwaiver principle, and with the underlying purposes of the FLSA, which is a uniquely protective statute.

A. <u>The protections of the FLSA may not be waived by private agreement.</u>

      1.  Congress enacted the FLSA to "correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. 202 (a),(b).  The Supreme Court's "decisions interpreting the FLSA have frequently emphasized the nonwaivable nature of an individual employee's right[s] . . . under the Act" and "have held that FLSA rights cannot be abridged by contract or otherwise waived."  <u>Barrentine v. Arkansas-Best Freight Sys., Inc.</u>, 450 U.S. 728, 740 (1981) (listing cases).  The Supreme Court has identified at least three reasons for this nonwaiver rule.  First, the Court has determined, based on the legislative history of the FLSA, that the Act constituted "a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency."  <u>Brooklyn Sav.</u>, 324 U.S. at 706.  According to the Court, the protective purposes of the Act thus "require that it be applied even to those who would decline its protections"; otherwise, "employers might be able to use superior bargaining power to coerce employees to . . . waive their protections under the Act."  <u>Tony & Susan Alamo Found. v. Sec'y of Labor</u>, 471 U.S. 290, 302 (1985) (citing <u>Barrentine</u>, 450 U.S. 728 and <u>Brooklyn Sav.</u>, 324 U.S. 697).

Second, in enacting the FLSA, Congress sought to establish a "uniform national policy of guaranteeing compensation for all work" performed by covered employees. Jewell Ridge Coal Corp. v. UMWA Local 6167, 325 U.S. 161, 167 (1945). Consequently, "[a]ny custom or contract falling short of that basic policy, like an agreement to pay less than the minimum wage . . . cannot be utilized to deprive employees of their statutory rights." Id. (internal quotation marks omitted). Third, the Court has held that permitting employees to waive their FLSA rights is inconsistent with the explicit purpose of the Act to protect employers against unfair methods of competition. See 29 U.S.C. 202(a); Brooklyn Sav., 324 U.S. at 710.

2. In accordance with the principle that FLSA rights are nonwaivable, the Supreme Court has long interpreted the statute to limit the ability of employees to privately settle or release their FLSA claims. In two seminal cases, Brooklyn Savings Bank v. O'Neil and D.A. Schulte, Inc. v. Gangi, the Supreme Court held that employees may not waive or otherwise compromise their right to recover unpaid wages or damages under the FLSA through private agreements with employers. In Brooklyn Savings, a former night watchman had accepted the defendant-Bank's offer to pay him the overtime compensation it determined he was owed in exchange for the watchman's release of all claims under the FLSA. See 324 U.S. at 700. The watchman subsequently brought suit to recover

liquidated damages, which the employer had not paid under the agreement.  See id.

After determining that the release had not been given in settlement of a bona fide

dispute, the Court held that the release was "invalid" and did not bar the

watchman's action seeking liquidated damages.  Id. at 704, 713.

In reaching its conclusion, the Supreme Court reasoned that the purpose of

the FLSA precludes employees from privately waiving their rights under the

statute.  According to the Court, "[n]o one can doubt but that to allow waiver of

statutory wages by agreement would nullify the purposes of the Act"—principally,

"to aid the unprotected, unorganized and lowest paid of the nation's working

population; that is, those employees who lacked sufficient bargaining power to

secure for themselves a minimum subsistence wage."  324 U.S. at 707, 707 n.18

(citing, *inter alia*, 81 Cong.Rec. 7652, 7672, 7885).  The Court then held that "the

same policy considerations which forbid waiver of basic minimum and overtime

wages under the Act also prohibit waiver of the employee's right to liquidated

damages."  Id. at 707.  The Court further concluded that "[p]rohibition of waiver of

claims for liquidated damages accords with the Congressional policy of uniformity

in the application of the provisions of the Act to all employers subject thereto,"

adding that "[a]n employer is not to be allowed to gain a competitive advantage by

reason of the fact that his employees are more willing to waive claims for

liquidated damages than are those of his competitor."  Id. at 710.

9

The following year, in Gangi, the Court expanded upon Brooklyn Savings to hold that private settlements of FLSA claims are impermissible even where there is a bona fide dispute over coverage under the Act.  328 U.S. at 114-15.  The employer in Gangi paid all the overtime compensation it allegedly owed and "obtained a release under seal signed by the [plaintiffs]," but the plaintiffs subsequently filed suit to collect liquidated damages under the FLSA.  Id. at 111-12.  The Court held that "the remedy of liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage."  The Supreme Court added that "we need [not] consider here the possibility of compromises in other situations which may arise, such as a dispute over the number of hours worked or the regular rate of employment," because "[t]he reasons which lead us to conclude that compromises of real disputes over coverage which do not require the payment in full of unpaid wages and liquidated damages" are impermissible "do not differ greatly from those which led us to condemn the waivers of liquidated damages in [Brooklyn Savings]."  Id. at 114-15 (footnote omitted).  Notably, the Court indicated in dictum that stipulated judgments were on surer footing than private settlements, stating that "by the simple device of filing suits and entering agreed judgments, we think the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties."  Id. at 113 n.8 (emphasis added).

3.  Within a few years of <u>Brooklyn Savings</u> and <u>Gangi</u>, Congress accepted and built upon their holdings.  First, Congress amended the FLSA in the Portal-to-Portal Act of 1947 ("the Portal Act"), Pub. L. No. 80-49, 61 Stat. 84, which contained a section on the waiver and settlement of FLSA claims, <u>see id.</u> at sec. 3 (codified at 29 U.S.C. 253).  Motivated by concerns about the volume of litigation that had resulted from earlier Supreme Court decisions, which interpreted preliminary and postliminary activities as compensable under the FLSA, Congress expressly authorized, in section 3 of the Portal Act, the compromise and waiver of claims that had accrued prior to the Act's enactment.  <u>See</u> <u>Integrity Staffing Sols., Inc. v. Busk</u>, 135 S. Ct. 513, 516-17 (2014); <u>see also</u> 29 U.S.C. 251(a) ("Congress finds that the [FLSA] has been interpreted judicially . . . [to] creat[e] wholly unexpected liabilities[.]").  However, Congress left the rule announced in <u>Brooklyn Savings</u> and <u>Gangi</u> undisturbed for prospective claims.

Specifically, section 3(a) of the Portal Act allows an employee to "compromise[] in whole or in part" "[a]ny cause of action under the [FLSA] . . . which accrued prior to <u>May 14, 1947</u>," and "any action (whether instituted prior to or on or after May 14, 1947) to enforce <u>such</u> a cause of action" so long as a "bona fide dispute [exists] as to the amount payable by the employer" and the compromise does not provide less than the minimum wage or overtime owed.  29 U.S.C. 253(a) (emphases added).  Congress's use of the term "<u>such</u> a cause of

action" in section 3(a) refers directly to the provision's earlier reference to causes of action under the FLSA that "accrued prior to May 14, 1947," thus making clear that section 3 only addressed FLSA liability arising before enactment of the Portal Act. Id. Additionally, sections 3(b) and (c) of the Portal Act provide that "[a]ny employee may hereafter waive his right under the [FLSA] to liquidated damages, in whole or in part, with respect to activities engaged in prior to May 14, 1947," id. at (b) (emphasis added), and that "[a]ny such compromise or waiver . . . shall . . . be a complete satisfaction of [the employee's] cause of action and a complete bar to any action based on such cause of action," id. at (c). By explicitly limiting the category of FLSA claims that could be compromised by employees to those that had accrued prior to May 14, 1947, Congress accepted the application of the Brooklyn Savings and Gangi nonwaiver rule to future FLSA claims.

Second, in 1949, Congress enacted section 16(c) of the FLSA, which vests the Secretary with authority to "supervise the payment of unpaid minimum wages or the unpaid overtime compensation" due under the Act. See Fair Labor Standards Amendments of 1949, Pub. L. No. 81-393, § 14, 63 Stat. 910, 919 (codified at 29 U.S.C. 216(c)). Section 16(c) specifies that "the agreement of any employee to accept such [a Department-supervised] payment" shall, upon payment in full, "constitute a waiver by such employee" of the employee's right under section 16(b) to bring suit for unpaid wages and liquidated damages. 29 U.S.C.

216(c).  This legislative provision for the Department's supervision of FLSA

settlements that will operate to waive the employee's FLSA claims supports the

teachings of <u>Brooklyn Savings</u> and <u>Gangi</u> that employees cannot waive their FLSA

rights on their own.  If employees could do so, Congress's provision for the

Department's supervision of settlements that validly waive FLSA claims when

paid would have little, if any, practical import.

B. <u>A plaintiff may not accept an offer to waive or compromise her FLSA claim</u>
   <u>unless the resulting agreement is approved by a court or supervised by the</u>
   <u>Department.</u>

Building on the foundation laid by <u>Brooklyn Savings</u> and <u>Gangi</u>, the

majority of circuit courts to have considered the issue have concluded that an

employee may not release or compromise her FLSA claim in a private agreement

with her employer unless it is approved by a court or supervised by the

Department.  This Court recently endorsed this view, in the context of stipulated

dismissals of FLSA claims entered into pursuant to Rule 41(a)(1)(A), in <u>Cheeks</u>,

796 F.3d at 206.  It is also the longstanding position of the Department.

1.  The leading case articulating the view that an employee may only agree

to compromise or waive her FLSA rights if the agreement is supervised by the

Department or approved by a court is <u>Lynn's Food v. United States</u>, 679 F.2d

1350, 1352-53 (11th Cir. 1982).  In <u>Lynn's Food</u>, an employer sought a declaratory

judgment in district court that the settlements it had reached with its employees in

exchange for releasing their FLSA claims absolved it of FLSA liability.  Id. at

1351-52.  The settlements followed an investigation by the Department, in which

the Department found the employer liable for significantly more in back wages and

liquidated damages than it had agreed to provide the employees.  See id. at 1352.

The Eleventh Circuit concluded that the settlements violated the FLSA, holding

that "[t]here are only two ways in which back wage claims arising under the FLSA

can be settled or compromised by employees."  Id. at 1352-53.  First, under section

16(c) of the statute, employees may waive their right to FLSA compensation if

they accept payment of unpaid wages and that payment is made under the

supervision of the Secretary.  See id. at 1353.  Second, when employees bring a

private action against their employer under section 16(b), the court may enter a

stipulated judgment "after scrutinizing the settlement for fairness."  Id.[4]  Because

the defendant-employer's agreements with its employees did not fall within either

category, the court held that they could not be approved.  See id.

    The Fourth and Ninth Circuits have endorsed the Lynn's Food rule.  See

Seminiano v. Xyris Enter., 602 F. App'x 682, 683 (9th Cir. 2015)  (citing Nall v.

Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013)) ("FLSA claims may not

be settled without approval of either the Secretary . . . or a district court"); Taylor

---

[4] The Eleventh Circuit noted that Gangi "in dicta drew a distinction between a
settlement agreement and a stipulated judgment entered in [an] adversarial
context."  679 F.2d at 1353 n.8 (citing 66 S.Ct. 925, 928 n.8).

v. Progress Energy, Inc., 415 F.3d 364, 371 (4th Cir. 2005) ("The rights guaranteed by the FLSA cannot be waived or settled without prior DOL or court approval."), reh'g granted, judgment vacated (June 14, 2006), opinion reinstated on reh'g, 493 F.3d 454 (4th Cir. 2007), superseded by regulation on other grounds as stated in Whiting v. Johns Hopkins Hosp., 416 F. App'x 312 (4th Cir. 2011).  The Seventh Circuit has also favorably cited Lynn's Food and held that private settlement of FLSA claims is prohibited.  See Walton v. United Consumers Club, Inc., 786 F.2d 303, 306 (7th Cir. 1986) (citing 679 F.2d at 1352) (because "the [FLSA] is designed to prevent consenting adults from transacting about minimum wages and overtime pay . . . it is necessary to ban private settlements of disputes about pay").  Additionally, the Sixth Circuit has acknowledged that waiver of an FLSA claim in a private settlement is prohibited.  See McConnell v. Applied Performance Techs., Inc., 98 F. App'x 397, 398 (6th Cir. 2004).  The Fifth Circuit has articulated a different view, but it is in the minority.  See Martin v. Spring Break '83 Prods., L.L.C., 688 F.3d 247, 255 (5th Cir. 2012) (upholding a release of FLSA claims brought about by a private settlement between the employer and a union).  It has, however, generally adhered to FLSA non-waiver principles.  See Bodle v. TXL Mortg. Corp., 788 F.3d 159, 164, 165 (5th Cir. 2015) (recognizing  "the general rule . . . that FLSA claims . . . cannot be waived" and refusing to extend the Martin

"exception" to a situation in which an employer obtained a waiver in an unrelated state court case where there was no evidence of a bona fide dispute).[5]

2. In <u>Cheeks</u>, this Court endorsed the <u>Lynn's Food</u> rule in the context of stipulated dismissals of FLSA claims entered into pursuant to Rule 41(a)(1)(A). See 796 F.3d at 206. In <u>Cheeks,</u> an employee brought a claim for overtime wages, liquidated damages, and attorney's fees under the FLSA and New York Labor Law. <u>Id.</u> at 200. The parties reached a private settlement and filed a joint stipulation and order of dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii). Rule 41(a)(1)(A) provides that "[s]ubject to . . . any applicable federal statute," a plaintiff may voluntarily dismiss an action by filing "a stipulation of dismissal signed by all parties who have appeared"; Rule 41(a)(1)(B) permits parties to

---

[5] The Federal Circuit has also recognized that <u>Lynn's Food</u> applies to private-sector employees, but it has held that the same settlement-approval rules do not apply to settlements of federal employees' FLSA claims reached under collectively bargained grievance procedures. See <u>O'Connor v. United States</u>, 308 F.3d 1233, 1244 (Fed. Cir. 2002).

In <u>Copeland v. ABB, Inc.</u>, the Eighth Circuit concluded that the plaintiff-employee did not waive her right to bring an FLSA claim alleging uncompensated work when she took an unpaid leave of absence, citing the <u>Lynn's Food</u> rule. See 521 F.3d 1010, 1014 (8th Cir. 2008) (citing 679 F.2d at 1353). However, in <u>Melgar v. OK Foods</u>, it noted "an apparent circuit split as to whether private settlements relating to FLSA claims require district court review" and assumed without deciding that such review is required. See No. 17-2612, 2018 WL 4100070, at *3 (8th Cir. Aug. 29, 2018) (citing <u>Cheeks</u>, 796 F.3d at 206, and <u>Martin</u>, 688 F.3d at 255).

stipulate to dismissals with prejudice. This Court concluded that the FLSA is an "applicable federal statute" under Rule 41(a)(1)(A), and held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." <u>Id.</u> at 206, 207. [6]

In reaching its conclusion, this Court noted that "[r]equiring judicial or DOL approval of such settlements is consistent with what both the Supreme Court and our Court have long recognized as the FLSA's underlying purpose: 'to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.'" <u>Cheeks</u>, 796 F.3d at 206 (quoting <u>A.H. Phillips, Inc. v. Walling</u>, 324 U.S. 490, 493 (1945)). This court quoted approvingly from <u>Socias v. Vornado Realty L.P.</u>, 297 F.R.D. 38 (E.D.N.Y. 2014), which applied the <u>Lynn's Food</u> rule to Rule 41(a)(1)(A) stipulated dismissals, observing that "'[l]ow wage employees, even when represented in the context of a pending lawsuit, often face extenuating economic and social circumstances and lack equal bargaining power . . . [and thus] are more susceptible to coercion or more likely to accept unreasonable, discounted settlement offers quickly.'" <u>Id.</u> at 205 (quoting 297 F.R.D. at 38, 40). This Court further reasoned that "the basis on

---

[6] This Court has clearly stated that its holding in <u>Cheeks</u> is not in any way inconsistent with the conclusion that FLSA claims are subject to arbitration. <u>See</u> <u>Rodriguez-Depena v. Parts Auth., Inc.</u>, 877 F.3d 122, 124 (2d Cir. 2017). Rather, "[t]he rationale of <u>Cheeks</u> . . . is assurance of the fairness of a settlement of a claim filed in court, not a guarantee of a judicial forum." <u>Id.</u>

which district courts recently rejected several proposed FLSA settlements . . .

underscores why judicial approval in the FLSA setting is necessary." Id. at 206.

In Lopez v. Nights of Cabiria, for instance, the proposed settlement agreement

contained "an overbroad release that would 'waive practically any possible claim

against the defendants, including unknown claims and claims that have no

relationship whatsoever to wage-and-hour issues[,]'" and provided for attorney's

fees of "'between 40 and 43.6 percent of the total settlement payment'" but did not

include "adequate documentation to support such a fee award." Id. (quoting 96 F.

Supp. 3d 170, 181-82 (S.D.N.Y. 2015)).  This Court also cited Walker v. Vital

Recovery Services, Inc., in which "'unemployed and desperate'" plaintiffs

purported to accept offers of judgment, "many for $100," that only compensated

them for one of the three damages theories they asserted.  Id. (quoting 300 F.R.D.

599, 600 n.4 (N.D. Ga. 2014).

This Court acknowledged that in many FLSA cases, "proceeding with

litigation [does not] make financial sense if the district court rejects the proposed

settlement."  Cheeks, 796 F.3d at 206 (citing Picerni v. Bilingual Seit & Preschool

Inc., 925 F. Supp. 2d 368, 377 (E.D.N.Y. 2013)).  However, it concluded that any

burdens on litigants resulting from its holding were outweighed by the "primary

purpose" of the FLSA, a "uniquely protective statute," "to prevent abuses by

unscrupulous employers, and remedy the disparate bargaining power between employers and employees." Id. at 207 (citing Brooklyn Sav., 324 U.S. at 706-07).

3. The Department has repeatedly expressed its view that FLSA settlements between private parties must be supervised by the Department or approved by a court. For example, in Lynn's Food, the Department argued—and the Eleventh Circuit agreed—that "the only . . . statutory means by which an employee can voluntarily waive his or her right to bring suit for unpaid wages and liquidated damages" is by a court-approved consent judgment under 16(b) or with supervision of the Department under section 16(c). Sec'y of Labor Br. at 13-14, Lynn's Food (No. 81-7747), 679 F.2d 1350 (citing Gangi, 328 U.S. at 113 n.8, and Garrard v. Se. Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947)). Additionally, in a 1988 Senate hearing on waivers under the Age Discrimination in Employment Act, the Solicitor of Labor "made clear that the Secretary . . . does not recognize as valid any waiver of FLSA rights that is not supervised either by the Secretary pursuant to section 16(c) (or, in the case of a private action filed under section 16(b)) by a federal court." H.R. Rep. No. 101-664, at 17-18 (1990) (citing Age Discrimination in Employment Act—Waiver of Rights, S. Hrg. No. 100-717 Before the Subcomm. on Labor of the S. Comm. On Labor & Human Res., at 110-15 (1988)).

The Department reiterated its position regarding FLSA settlements as compared to settlements under other employment statutes in its 2008 rule amending its Family and Medical Leave Act regulations.  See 73 Fed. Reg. 67,934, 67,987 (Nov. 17, 2008).  Further, in Cheeks, the Department submitted a letter brief, at this Court's request, arguing that the FLSA falls within the "applicable federal statute" exception to Rule 41(a)(1)(A); accordingly, Rule 41(a)(1)(A) stipulated dismissals terminating FLSA claims with prejudice must be supervised by the Department or approved by a court.  See Sec'y of Labor Letter Br. at *11-12, Cheeks (No. 14–299–cv), 2015 WL 1814065 ("[P]rivate compromises of FLSA rights are subject to unique oversight in order to effectuate the statutory intent to provide subsistence wages to the lowest-paid workers, and to provide a wage floor to prevent unfair competition among employers.").  Additionally, in Sanchez, the Department submitted a letter brief, at the invitation of the district court, arguing that, consistent with the reasoning of Cheeks, voluntary private settlements dismissing FLSA claims with prejudice under Rule 68(a) should also be subject to court or Department approval.  Sec'y of Labor Letter Br. at 9-13, Sanchez (No. 16-CV-3862), 2017 WL 2171870.

C. A Rule 68 offer and acceptance is a private agreement that must be approved by a court or supervised by the Department to the extent it terminates an employee's FLSA claim against a private employer with prejudice.

As noted supra, a predicate to the entry of judgment under Rule 68(a) is an employee's acceptance of an offer of judgment, which necessarily requires that the employee be able to properly accept such an offer. An employee, however, does not have the ability to accept a Rule 68(a) offer of judgment that terminates her FLSA claim with prejudice unless it is approved by a court or supervised by the Department, as settlements resulting from Rule 68(a) offers of judgment are private settlement subject to the same restrictions as any other private settlement under the FLSA. This view is consistent with the protective purpose of the FLSA, the Brooklyn Savings and Gangi nonwaiver rule, and the reasoning of this Court in Cheeks; moreover, it has been adopted by numerous district courts and is not contradicted by the ostensibly mandatory language of Rule 68(a).

1. As this Court has noted, "Rule 68 offers of judgment and acceptances thereof are contracts to be interpreted according to ordinary contract principles." Steiner v. Lewmar, Inc., 816 F.3d 26, 31 (2d Cir. 2016); see Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 670-71 (2016) (construing unaccepted Rule 68(a) offer using "basic contract principles"). It is well established that "FLSA rights cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. Rather, "[a]s Cheeks and the decades of Supreme Court jurisprudence upon which

it relies make clear . . . 'FLSA claimants do not have authority to compromise their claims without judicial approval or [Department] oversight.'" JA89 (quoting Sanchez, 2017 WL 2171870 at *3). Employees risk waiving or compromising their FLSA rights if they accept Rule 68(a) offers of judgment that terminate their claims with prejudice, as agreements terminating employees' claims with prejudice "foreclos[e] [their] ability to vindicate any FLSA claim[s] [they] may have by refiling at a later time." McGraw v. Courtesy Valet Corp., CIV No. 8:15-cv-1327, 2015 WL 11142628, at *1 (M.D. Fla. Sept. 28, 2015) (internal quotation marks omitted). Indeed, in both Brooklyn Savings and Gangi, the Supreme Court held that the employees' purported releases of their FLSA claims in exchange for payment of back wages were "invalid," and permitted the employees to bring suit against their employers for liquidated damages despite the release. See Gangi, 328 U.S. at 112, 114-15; Brooklyn Sav., 324 U.S. at 713. Accordingly, an FLSA plaintiff may not accept a Rule 68(a) offer of judgment that terminates with prejudice her claim against a private employer unless it is approved by a court or supervised by the Department.

2. Requiring Department supervision or court approval of Rule 68(a) agreements that terminate FLSA claims with prejudice is consistent with purposes of the FLSA that the Supreme Court has cited in support of the nonwaiver rule: to assist "those employees who lack[] sufficient bargaining power to secure for

themselves a minimum subsistence wage," <u>Brooklyn Sav.</u>, 324 U.S. at 707 n.18; achieve a "uniform national policy of guaranteeing compensation for all work or employment by employees covered by the Act," <u>Jewell Ridge Coal</u>, 325 U.S. at 167; and protect employers from unfair methods of competition, 324 U.S. at 710.

Through the Rule 68 process, employers with superior bargaining power may extract "unreasonable, discounted settlement[s]" from employees. <u>Cf.</u> <u>Cheeks</u>, 796 F.3d at 205. As noted above, one of the cases that <u>Cheeks</u> cited as "underscor[ing] why judicial approval in the FLSA setting is necessary," <u>Walker</u>, was a Rule 68 case. 796 F.3d at 206. In <u>Walker</u>, several employees accepted offers of judgment from the defendant for as little as $100, despite the fact that, according to counsel for the employees, the offers only compensated the employees for one of three potential damage theories, as they were "unemployed and desperate for any money they [could] find." 300 F.R.D. at 603, 600 n.4. If anything, Rule 68 provides employers with greater opportunities to leverage their superior bargaining power than ordinary settlement negotiations, as plaintiffs may only accept or reject defendants' offers of judgment and may not make counteroffers or seek clarification. <u>See</u> <u>id.</u> at 602. Just as with any other type of private settlement, requiring judicial or Department scrutiny of Rule 68(a) agreements guards against "unfair or unreasonable" settlements of FLSA claims. JA89.

Permitting employees to settle their FLSA claims through Rule 68(a) agreements also undermines "the Congressional policy of uniformity in the application of the provisions of the Act," and Congress' intent to protect employers from unfair methods of competition. Brooklyn Sav., 324 U.S. at 710. If employees are permitted to compromise their FLSA claims by accepting Rule 68(a) offers of judgment, it creates the risk that employers will use Rule 68(a) agreements to establish wages below those required by the statute, without any judicial or Department oversight, and "gain a competitive advantage by reason of the fact that [their] employees are more willing to waive claims." Id.; see Walton, 786 F.2d at 306 (citing Lynn's Food 679 F.2d at 1352). Requiring parties to submit their Rule 68(a) agreements to a court or the Department ensures that such agreements do not become a means of undercutting Congress's intent in enacting the FLSA, to protect both employees from being compensated inappropriately and employers from operating on an unlevel playing field. Moreover, as the district court in Yu stated, "[i]n the wake of Cheeks, litigants have increasingly tried to evade the requirement for judicial or DOL approval by . . . [using] Rule 68." JA82. Rule 68 should not provide a means for litigants to do an end-run around the requirement of settling FLSA cases resulting in a dismissal with prejudice only with court or Department approval.

3.  It is true that on its face Rule 68(a) is mandatory: when its conditions are met, "[t]he clerk must . . . enter judgment." Fed. R. Civ. P. 68(a).  But despite this language, Rule 68(a) judgments are not altogether automatic.  For example, "in the context of class actions, Rule 68(a) offers of judgment . . . must subsequently be approved by the court after a fairness hearing." Gordon v. Gouline, 81 F.3d 235, 239-240 (D.C. Cir. 1996) (collecting cases).  Moreover, a "district court will not, of course, enter judgment pursuant to a Rule 68 offer of judgment that contemplates illegal activity, regardless of the parties' agreement." Perkins v. U.S. W. Commc'ns, 138 F.3d 336, 338 n.5 (8th Cir. 1998).  Similarly, a district court retains discretion to modify or deny any injunctive relief incorporated in a Rule 68 offer. See 12 Charles A. Wright, Arthur R. Miller, et al., Fed. Prac. & Proc. § 3005 (2d ed.).

"[O]nce one concedes that there are exceptions" to the automatic entry of judgment under Rule 68(a), "the question becomes whether FLSA claims fall within the narrow class of claims that cannot be settled under Rule 68 without approval by the court (or the DOL)." JA85.[7]  As the Yu court correctly held, "the answer to that question is yes."  JA86.  Under Rule 68(a), "'[t]he Clerk of Court's mandatory obligation to enter judgment . . . presupposes a valid offer and

---

[7] Significantly, Hasaki acknowledges in its brief that "[s]tatutes that specifically require settlement approval control over Rule 68." Appellants' Br. at 14.

acceptance.'" JA89 (quoting <u>Sanchez</u>, 2017 WL 2171870, at *3).  And, as

explained above, an employee does not have authority to accept a Rule 68(a) offer

of judgment terminating her FLSA claim with prejudice unless it is reviewed by a

court or the Department.

Moreover, construing Rule 68(a) to permit an employee to accept an offer of

judgment terminating her FLSA claim with prejudice without court approval or

Department supervision may contravene the Rules Enabling Act ("REA"), 28

U.S.C. 2072(b).  The REA provides that procedural rules "shall not abridge,

enlarge or modify any substantive right."  <u>Id</u>.  A rule of civil procedure is valid

under the REA if it "governs only the manner and the means by which the

litigants' rights are enforced" but is invalid "if it alters the rules of decision by

which [the] court will adjudicate [those] rights."  <u>Shady Grove Orthopedic Assocs.,

P.A. v. Allstate Ins.</u>, 559 U.S. 393, 407 (2010) (Scalia, J., writing for three

concurring justices) (internal quotation marks omitted).  When "adjudicat[ing]

[FLSA] rights," the ordinary "rule[] of decision" is that private settlements are

invalid unless they are scrutinized by a court or the Department.  <u>See</u> <u>Cheeks</u>, 796

F.3d at 206; <u>see, e.g.</u>, <u>Lynn's Food</u>, 679 F.2d at 1352-53.  A rule of civil procedure

should not alter this longstanding rule of decision.

4.  A "growing number" of district courts have appropriately held that Rule

68(a) agreements settling FLSA claims between private parties must be approved

by a court or supervised by the Department. JA91.[8] Several district courts in this

Circuit have taken the opposite view, emphasizing the "mandatory" language of

Rule 68(a).[9] These district court decisions, however, give insufficient

consideration to the protective purpose of the FLSA and the long line of cases

prohibiting wholly private settlements of FLSA claims, and take an overly narrow

view of the "mandatory" nature of Rule 68(a) without fully considering that for

---

[8] See, e.g., Lopez v. Overtime 1st Ave. Corp., 252 F. Supp. 3d 268, 272 (S.D.N.Y. 2017); Sanchez, 2017 WL 2171870 at *2; Toar v. Sushi Nomado of Manhattan, Inc., No. 13-CV-1901 (VSB), Docket No. 137, op. at 7–14 (S.D.N.Y. Mar. 16, 2017); Walker, 300 F.R.D. at 602; Norman v. Alorica, Inc., No. 11-00433-KD-C, 2012 WL 5452196, at *2 (S.D. Ala. Nov. 7, 2012); Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1246-47 (M.D. Fla. 2010); Luna v. Del Monte Fresh Produce (Se.), Inc., No. 1:06-CV-2000-JEC, 2008 WL 754452, at *12-13 (N.D. Ga. Mar. 19, 2008); see also Yunjian Lin v. Grand Sichuan 74 St Inc., No. 15-CV-2950(RA), 2018 WL 3222519, at *4 (S.D.N.Y. July 2, 2018) (requiring parties to obtain approval of Rule 68 agreement "in an abundance of caution—and in agreement with many other judges in this District") (citing the Yu district court decision, 319 F.R.D. 111 (S.D.N.Y. Apr. 10, 2017)).

[9] See, e.g., Anwar v. Stephens, No. 15-CV-4493(JS)(GRB), 2017 WL 455416, at *1 (E.D.N.Y. Feb. 2, 2017); Baba v. Beverly Hills Cemetery Corp., No. 15-CV-5151 (CM), 2016 WL 2903597, at *1 (S.D.N.Y. May 9, 2016); Barnhill v. Fred Stark Estate, No. 15-CV-3360 (BMC), 2015 WL 5680145, at *1 (E.D.N.Y. Sept. 24, 2015); see also Benavides v. Serenity Spa NY Inc., No. 15-CV-9189 (JLC), 2018 WL 2383144, at *3 (S.D.N.Y. May 25, 2018) (citing Khereed v. W. 12th St. Rest., 317 F.R.D. 441, 442–43 (S.D.N.Y. 2016) (approving the parties' FLSA settlement reached through Rule 68(a)—although "[i]n prior decisions," the judge "adopted the majority position holding that such approval is not required"— because the parties requested review of their agreement).

judgment to be entered there must be proper acceptance, which must be viewed in the unique context of the FLSA.

Although the question addressed in <u>Cheeks</u> was limited to Rule 41(a)(A) stipulations dismissing FLSA claims with prejudice, its reasoning was much more sweeping. This Court recognized the "unique policy considerations underlying the FLSA" and concluded that "the basis on which district courts recently rejected several proposed FLSA settlements highlights the potential for abuse in such settlements, and underscores why judicial approval in the FLSA setting is necessary." <u>Cheeks</u>, 796 F.3d at 206. As noted <u>supra</u>, Rule 68 simply provides for a particular form of private settlement. Thus, the principles enunciated in <u>Cheeks</u> should be applied to Rule 68(a) settlements just as they are in all other private settlements.[10] Under the governing law regarding FLSA waivers, and consistent

---

[10] Significantly, the district court in <u>Yu</u> emphasized:

> Most courts — including this one — have devised efficient and expedited procedures for review of FLSA settlements, mandating that the parties do little more than submit their agreement along with a letter explaining how the settlement value compares to the amount the plaintiff might have recovered after trial and justifying any discount; identifying and justifying the portion allocated to attorney's fees; and confirming that the agreement is a product of arms'-length bargaining rather than collusion or coercion.

JA90.

In <u>Sanchez</u>, for instance, in which the court held that approval from a court or the Department is required for an FLSA plaintiff to accept a Rule 68(a) offer of judgment, the court gave the parties eight days to "submit their settlement for court

with the reasoning of <u>Cheeks</u> and the approach taken by a growing number of

district courts, in order for an FLSA plaintiff to "accept" a Rule 68(a) offer from a

private employer and agree to settle her FLSA claim such that the court must enter

judgment dismissing the FLSA claim with prejudice, that offer must first be

reviewed by a court or the Department.

CONCLUSION

For the reasons set forth above, the district court's decision should be
affirmed.

---

approval" following its opinion and order.  2017 WL 2171870, at *3.  In response,
the parties submitted a three-page letter, accompanied by calculations in support of
the settlement amount, explaining the terms of their proposed settlement, including
the attorney's fees; how, although the plaintiffs were receiving less than the back
wages they were originally seeking (ranging from 7.4% to 19.4%), the settlement
was reasonable; and that the settlement was "limited to claims asserted in this
action."  <u>See</u> Parties' Joint Letter, <u>Sanchez</u> (No. 16-CV-3862).  Five days later (14
days from the court's opinion and order), the court approved the parties' settlement
and ordered the clerk to enter judgment in favor of the plaintiffs.  <u>See</u> <u>Sanchez</u>, No.
16-CV-3862 (S.D.N.Y. March 29, 2017).

Respectfully submitted,


KATE S. O'SCANNLAIN
Solicitor of Labor

JENNIFER S. BRAND
Associate Solicitor

PAUL L. FRIEDEN
Counsel for Appellate Litigation

JAMES M. MORLATH
Attorney


/s/ James M. Morlath
Attorney
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W.
Room N-2716
Washington, D.C.  20210
(202) 693-5353
Morlath.James.M@dol.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 29.1 and Federal Rules of Appellate Procedure 29(a) and 32(a), I certify that the foregoing brief complies with the applicable type-volume limitation, typeface requirements, and type-style requirements.

1. This brief complies with the type-volume limitations of Local Rule 29.1(c) because the brief contains 7,000 words, as calculated by Microsoft Word.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed R. App. P. 32(a)(6), which are made applicable to this brief by Fed R. App. P. 29(a)(4), because this brief was prepared in a proportionately-spaced typeface using Microsoft Word with 14 point Times New Roman font in text and footnotes.


Dated: September 12, 2018
            /s/ James M. Morlath
            JAMES M. MORLATH
            Attorney
            U.S. Department of Labor
            Office of the Solicitor
            200 Constitution Avenue, N.W.
            Room N-2716
            Washington, D.C. 20210
            (202) 693-5353
            Morlath.James.M@dol.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2018, a true and correct copy of the foregoing brief was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system, and that service on counsel of record will be accomplished by this system, including the following:

Adina H. Rosenbaum
Sean M. Sherman
Adam R. Pulver
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
arosenbaum@citizen.org
*Attorneys for Court-Appointed*
*Amicus Curiae*

Louis Pechman
Lillian M. Marquez
Laura Rodríguez
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, New York 10022
pechman@pechmanlaw.com
marquez@pechmanlaw.com
rodriguez@pechmanlaw.com
*Attorneys for Defendants*

/s/ James M. Morlath
JAMES M. MORLATH
Attorney
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W.
Room N-2716
Washington, D.C.  20210
(202) 693-5353
Morlath.James.M@dol.gov